476 A.2d 422

**COMMONWEALTH of Pennsylvania**

v.

**James BRYANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 22, 1982.

Filed April 19, 1984.

Reargument Denied June 25, 1984.

Petition for Allowance of Appeal Denied Jan. 17, 1985.

2

John Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and BECK, JJ.

BECK, Judge:

Appellant filed a direct appeal from the judgment of sentence of the Court of Common Pleas of Philadelphia County. He alleges, *inter alia*, that the trial judge improperly refused to recuse himself from consideration of appellant's post-verdict motions and sentencing. We vacate the judgment of sentence and remand for rehearing of appellant's post-verdict motion and sentencing.

The facts are undisputed in this appeal. In the middle of the night appellant forcibly entered a home and committed assault and indecent assault upon a woman who was eight and one-half months pregnant. Before departing, he stole

thirty dollars in cash from the dresser in the victim's bedroom.

After a jury trial appellant was found guilty of indecent assault, simple assault, burglary, and robbery. Appellant then filed post-verdict motions. The Trial Court empanelled a court en banc to hear argument on the post-verdict motions. The trial court opinion relates:

Shortly after the initial [post-verdict] motions were filed, the Trial Court requested that defense counsel prepare a brief and granted a continuance for that purpose. The points raised in post-verdict motions had to be briefed to be intelligently considered by the other members of the panel [*i.e.*, those judges who had not participated in the conduct of the suppression hearing and trial].

About a year after the trial, a hearing was held on the motions. At that time, defense counsel submitted what he styled Supplemental Post-Verdict Motions. These supplemental motions were delivered only to the two members of the panel who had not presided at the trial. In the supplemental motions for the first time, [appellant] asked [that] the Trial Judge recuse himself from hearing argument on the motions. The Trial Judge was not aware of this defense request for recusal until argument before the panel. [The motion for recusal was denied.]

. . . .

Trial Court Opinion at 1–2.

Appellant asserts that the trial judge acted improperly in participating in appellant's post-verdict motions and sentencing instead of recusing himself as requested.

Appellant and the trial judge were engaged in an ongoing three-act drama, each act representing a separate criminal trial at which the trial judge presided and in which appellant was the defendant. The crimes were all similar. A subplot running through the entire drama and on which the appellant bases his current recusal argument is the judge's alleged remarks relating to his upcoming election which, appellant claimed, showed prejudice against appellant.

■■■ As noted, the instant case is the third matter in which the defendant was tried before the same judge.[1] On October 18, 1979, prior to the already scheduled sentencing hearings in the first two cases, the trial judge allegedly announced in camera, and in the presence of appellant's trial counsel and others, (i) that in order to generate pre-election publicity for himself, the date for the sentencing hearing in appellant's first case would be changed from November 8 to November 5, the day immediately preceding the election in which the judge was a candidate and (ii) that he would award the maximum possible sentences to appellant in both cases. Record at 32–36, October 29, 1979.

The appellant does not claim in this appeal that the trial judge made any prejudicial remarks directly related to the present case. He asserts, however, that the judge's reputed comments of October 18, 1979, concerning the two prior cases reveal the judge's bias against him. Therefore, the appellant contends that the two earlier cases taken as a unit with the present case are all tainted by the judge's alleged, prejudicial remarks.

For several reasons not germane to this opinion, hearings on post-verdict motions and sentencing in the instant case were not held until approximately one year after those in the two prior cases. But the trial in the instant case had been completed before October 18, 1979, the date on which the trial judge allegedly made biased in camera remarks. Consequently, the motions for recusal in the two earlier cases as well as the motion for recusal in the present case were filed (i) after the trial in each case was completed, (ii)

---

1. A judge is not automatically disqualified from hearing a case merely because he has presided over prior cases involving the same defendant. *Commonwealth v. McQuaid*, 273 Pa.Super.Ct. 600, 417 A.2d 1210 (1980), *petition for allowance of appeal denied*, September 9, 1980; *Commonwealth v. Kane*, 199 Pa.Super.Ct. 89, 184 A.2d 405 (1962). However, if circumstances exist showing a continuing or recurring bias against a particular defendant or a class of cases, the trial judge should be disqualified. *Commonwealth v. Stevenson*, 482 Pa. 76, 393 A.2d 386 (1978); *Commonwealth v. Patterson*, 452 Pa. 457, 308 A.2d 90 (1973); *Snyder's Case*, 301 Pa. 276, 152 A. 33 (1930); *Kane.*

after the trial judge reputedly made biased in camera comments on October 18, 1979, and (iii) before hearings were held on the appellant's post-verdict motions and sentencing in each case. In all three cases, on the basis of his alleged in camera comments, the trial judge was asked to recuse himself from consideration of the appellant's post-verdict motions and sentencing.

In the two earlier cases a recusal motion was initially addressed to the trial judge and subsequently to an en banc court empanelled by the trial judge. In both cases the trial judge did not participate in the en banc court's determination of the appellant's post-verdict motions and sentencing.

In the present case the appellant's motion for recusal of the trial judge was presented to a newly formed en banc court which was empanelled by the trial judge and which included the trial judge among its three members. The appellant's recusal motion was denied by the en banc court, and the trial judge continued to sit as a member of the en banc court which decided the appellant's post-verdict motions and sentencing.

Recently, in *Municipal Publications, Inc. v. Snyder*, 322 Pa.Super.Ct. 464, 469 A.2d 1084 (1983), this Court clarified the two-step analysis utilized in reviewing a motion for recusal.

> When a motion for recusal is filed, the challenged judge must first decide the sufficiency of the allegations of bias and prejudice. In making this decision, the judge must take the allegations as true. If on the basis of the allegations, taken as true, the judge's impartiality might reasonably be questioned, the judge must refer the recusal motion to another judge for hearing.

*Id.*, 322 Pa.Superior Ct. at 494, 469 A.2d at 1099.

In the instant case the appellant's motion for recusal was submitted as part of the appellant's supplemental post-verdict motions. By direct reference counsel incorporated both

the recusal motion filed by the appellant in the two previous cases and the notes of testimony from the hearing on the recusal motion in the earlier cases.

In paragraph nine of the recusal motion covering the two earlier cases, the appellant averred that

[o]n October 18, 1979, after the jury had returned a verdict, the trial judge asked to speak with defense counsel ... in chambers. During the course of the ensuing conversation, [the trial judge] stated to [defense counsel] that: (1) with regard to the [two] cases ..., the Court had already made up its mind to impose maximum, consecutive sentences on each and every information on which defendant had been convicted, and (2) the Court had fixed November 5 as the date for post verdict motions and sentencing on [the] two ... cases because [the trial judge] was running for reelection to the Bench in the election to be held on November 6, and the Court believed that he would receive favorable publicity from the sentencing proceedings on November 5, thus improving his prospects for reelection.

At the hearing on the appellant's recusal motion in the two earlier cases only the appellant's trial counsel and the trial judge's judicial aide testified as witnesses. In his hearing testimony the appellant's trial counsel reiterated the allegations appearing in the appellant's written recusal motion, Record of October 29, 1979, at 32–36, and further contended:

My client has been severely prejudiced because the trier of facts [the trial judge], the person that is going to sentence him on November 5th, or whatever date, had made up his mind to give that person a specific sentence without having taken into account the presentence report [Section 9731 of the Sentencing Code, 42 Pa.C.S.A. § 9731], the psychiatric examination [Section 9736 of the Sentencing Code, 42 Pa.C.S.A. § 9736], any witnesses that I may present, the allocution of my client [Section

9752(a) of the Sentencing Code, 42 Pa.C.S.A. § 9752(a), and Pa.R.Crim.P. 1405(a) ] . . . .

Record at 120, October 29, 1979.

The only testimony offered at the hearing to counter the trial counsel's testimony was that of the trial judge's aide.[2] No direct testimony was offered to rebut the trial counsel's testimony as to the prejudicial statements allegedly made by the trial judge. The only testimony contrary to the trial counsel's was indirect and not on point. The aide stated that he was solely responsible for scheduling and rescheduling hearings before the trial judge. Record at 145–46, 156 & 162, October 29, 1979. At the recusal hearing no testimony was adduced to refute directly the allegations made concerning the trial judge's in camera remarks.

■ Accordingly, in considering the recusal motion in the instant case, the en banc court was presented with allegations of prejudice which, if taken as true, provided a sufficient basis on which the trial judge's impartiality might reasonably be questioned. Since the appellant's allegations of prejudice were sufficient, the challenged trial judge could no longer participate in the ruling on the appellant's recusal motion. That is, "once it appears that the allegations of bias and prejudice are sufficient, ... the challenged judge must refer the recusal motion to another judge for hearing" to ascertain the truth or falsity of the allegations and the necessity for recusal. *Municipal Publications, Inc.*, 322 Pa.Superior Ct. at 494, 469 A.2d at 1099.[3]

The Commonwealth argues that the judge was not required to recuse himself because he was only one of three judges deciding appellant's recusal motion. Thus, the Com-

2. The trial judge presided over the recusal hearing of October 29, 1979, and did not testify as a witness.

3. "The party who asserts that a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal." *Commonwealth v. Darush*, 501 Pa. 15, 21, 459 A.2d 727, 731 (1983); *Commonwealth v. Council*, 491 Pa. 434, 421 A.2d 623 (1980).

monwealth asserts that the empanelling of an en banc court adequately safeguarded both the appellant's right to an unbiased determination of his recusal motion and the public's confidence in the impartiality of the judicial decision making process. We disagree.

We are not persuaded that the instant case is distinguishable from *Municipal Publications Inc.* simply because the present appellant's recusal motion was not determined by the challenged judge sitting alone. The *Municipal Publications Inc.* rule mandates that once sufficiency is established the judge in question can no longer participate in the hearing on his own recusal. While a court en banc may attenuate the possibility of judicial prejudice, having the challenged judge as a member of the panel does not adequately preserve the integrity of the recusal hearing.

Additional support for the position that the trial judge should have recused himself is found in *Commonwealth v. Darush,* 501 Pa. 15, 459 A.2d 727 (1983). The appellant in *Darush* urged recusal of the sentencing judge on the grounds that the particular judge harbored ill-will toward the appellant because the "appellant had openly opposed election of the ... judge and had made derogatory remarks concerning the candidate to the judge's campaign manager [, which remarks appellant] ... believed the candidate had overheard ...." *Id.,* 501 Pa. at 23, 459 A.2d at 732. Although the Pennsylvania Supreme Court stated in *Darush* that it found "no evidence of bias [on the part of the sentencing judge] and [was] convinced that the judge acted in what he sincerely felt was a proper manner," *id.,* 501 Pa. at 19, 459 A.2d at 730, the court reasoned that "the largely unfettered sentencing discretion afforded a judge [was] better exercised by one without hint of animosity toward appellant." *Id.,* 501 Pa. at 24, 459 A.2d at 732. Therefore, the case was remanded to the court of common pleas for resentencing of appellant by a different judge.

■ The precept governing judicial conduct is the avoidance of not only actual impropriety but also the appearance of impropriety. *Commonwealth v. Boyle*, 498 Pa. 486, 447 A.2d 250 (1982); *Commonwealth v. Perry*, 468 Pa. 515, 364 A.2d 312 (1976); Canon 2 of the Code of Judicial Conduct, *as amended*. Because " 'justice must satisfy the appearance of justice,' " *Commonwealth v. Stevenson*, 482 Pa. 76, 92, 393 A.2d 386, 394 (1978) (citation omitted), disqualification of a judge is mandated whenever "a significant minority of the lay community could reasonably question the court's impartiality." *Darush*, 501 Pa. at 24, 459 A.2d at 732; *Boyle;* Canon 3 of the Code of Judicial Conduct.

■ In the instant case, the appellant bore the burden of showing bias. Since a review of the record reveals that the appellant adduced evidence of bias which was not refuted, we conclude that no further hearing on the question of recusal is necessary. We hold, therefore, that the trial judge should have recused himself from consideration of the appellant's post-verdict motions and sentencing.

Accordingly, we vacate the judgment of sentence and remand for a rehearing of (1) the appellant's post-verdict motion concerning the jury charge on reasonable doubt and (2) sentencing. The rehearings are to be conducted by a judge or judges other than the challenged trial judge.[4] Jurisdiction is relinquished to the court of common pleas.

**4.** Both the instant appellant and the appellant in *Commonwealth v. Darush*, 501 Pa. 15, 459 A.2d 727 (1983), were "tried by a jury which was responsible to evaluate the testimony and arrive at a verdict." *Id.*, 501 Pa. at 23, 459 A.2d at 732. Reviewing the record in *Darush*, the Pennsylvania Supreme Court ruled that "[s]ince appellant [was] not able to point out any partial rulings or conduct by the trial court which might have improperly affected the jury, he [had] not shown that the integrity of the fact finding process was affected by any alleged predisposition held by the court." *Id.*, 501 Pa. at 23, 459 A.2d at 732. Consequently, the court did not award appellant a new trial. In the present case the appellant has not argued that the jury's functions were affected by the alleged bias of the trial judge.