668 A.2d 134

**In re SPECIAL AUDIT OF COURTS FUNDS Delivered to the Office of the District Attorney of Wyoming County to Finance Operation of the Wyoming County Driving Under the Influence Strike Force.**

**Petition of George P. SKUMANICK, Jr., District Attorney of Wyoming County.**

Supreme Court of Pennsylvania.

Dec. 13, 1995.

## *ORDER*

PER CURIAM:

AND NOW, this 13th day of December, 1995, the Petition for Review is denied.

CASTILLE, J., files a dissenting statement.

CASTILLE, Justice, dissenting.

Contrary to the majority's *per curiam* order denying petitioner's petition for review, I believe that this Court should assume plenary jurisdiction over this matter under 42 Pa.C.S. § 726 since it involves a matter of immediate public importance, the power of Court of Common Pleas judge to *sua sponte* order an independent audit of funds controlled by the duly elected county district attorney of Wyoming County. Accordingly, I respectfully dissent from the majority's *per curiam* order.

The petition for review in this case concerns two orders issued by President Judge Vanston. The first order was Judge Vanston's *sua sponte* order that the District Attorney's

office turn over records in the District Attorney's control for an independent audit to be conducted by a certified public accountant appointed by the judge for such purposes. In the second order, Judge Vanston denied petitioner's petitions for a stay of the first order pending appointment of another judge and for Judge Vanston to recuse himself from that matter. Instead, Judge Vanston issued a rule to show cause for contempt upon the District Attorney and recused himself from the contempt hearing only.

Under the County Code, a district attorney is an elected county officer. 16 P.S. § 401(12). Under a comprehensive audit scheme established by the County Code, the county controller or the elected auditor is empowered to audit, settle and adjust the accounts of all county officers at the end of each fiscal year and to file a report with the Court of Common Pleas. 16 P.S. §§ 1720 and 1721. In this instance, I can find no case law supporting Judge Vanston's *sua sponte* order of an independent audit of funds controlled by the district attorney's office. In fact, Judge Vanston's order would appear to interfere with a legislatively designated audit scheme, a scheme which petitioner represents subjected the account in question to a yearly audit by the duly-elected auditors of Wyoming County. Also, Judge Vanston's action in ordering an independent audit appears to have been prompted by the judge's contention that criminal charges may arise against the petitioner's use of these funds. Such action would be improper since it would have the effect of interfering with the Attorney General's decision not to prosecute petitioner. *See Commonwealth v. Pritchard*, 408 Pa.Super. 221, 596 A.2d 827, 833 (1991) (trial court should not interfere in prosecutorial discretion on charging decisions unless there has been a gross abuse of discretion). Thus, since this matter appears to involve a question of first impression which I believe is of immediate public importance, I believe this Court should assume plenary jurisdiction under 42 Pa.C.S. § 726 over this matter. By hearing this matter immediately, the county can avoid incurring the expense of an unnecessary audit and petitioner would not have to face being unjustly held in

contempt for refusing a procedure that the judge has no lawful authority to order.

Furthermore, I believe immediate review of this case is necessary because of Judge Vanston's decision not to recuse himself entirely from this case. Recusal is required wherever there is substantial doubt as to the jurist's ability to preside impartially over a case. *Id.* 617 A.2d at 713.

Here, Judge Vanston publicly accused the petitioner of theft by failure to make the required disposition of the funds in question and referred the matter to the Attorney General of Pennsylvania for investigation. After the Attorney General's investigation resulted in a finding of no criminal conduct and a declaration of no prosecution, Judge Vanston wrote a letter threatening very public litigation if certain conditions were not met. Judge Vanston also publicly stated that a deal was made by petitioner to avoid prosecution by the Attorney General's office. This conduct, if true, would require Judge Vanston to recuse himself from the proceedings since his conduct has shown actual bias and prejudice towards petitioner which would reasonably question his impartiality in a matter which he has initiated and is involved with in his judicial capacity. *See Commonwealth v. Bryant,* 328 Pa.Super. 1, 476 A.2d 422 (1984) (judge's comments to defense attorney that he would award maximum sentences allowed and that he moved sentencing date to obtain favorable pre-election publicity required judge to recuse himself since it could lead one to reasonably question judge's impartiality).

Accordingly, since I believe that this Court should assume plenary jurisdiction over this matter, I respectfully dissent from the *per curiam* order denying petitioner's petition for review.