J-S72039-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
DEAN MARTIN KAWCHAK, :
:
Appellant :
: No. 849 WDA 2014

Appeal from the PCRA Order Entered May 7, 2014
in the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0000873-2011 and
CP-11-CR-0000875-2011

BEFORE:  BENDER, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED DECEMBER 15, 2014**

Dean Martin Kawchak (Appellant) appeals from the order entered on May 7, 2014, dismissing his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On May 29, 2012, Appellant entered open guilty pleas to several charges at several docket numbers.  Relevant to this appeal, Appellant pled guilty to criminal trespass and theft by unlawful taking.  He was sentenced to serve 18 to 84 months' incarceration for criminal trespass and a consecutive period of 18 to 60 months' incarceration for theft by unlawful taking, resulting in an aggregate term of 3 to 12 years' incarceration. Appellant timely filed an appeal to this Court, and his judgment of sentence was affirmed on October 2, 2013. ***Commonwealth v. Kawchak***, 87 A.3d

---

* Retired Senior Judge assigned to the Superior Court.

873 (Pa. Super. 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

On January 3, 2014, Appellant timely filed a *pro se* PCRA petition. Counsel was appointed, an amended petition was filed, and an evidentiary hearing was held. On May 7, 2014, the PCRA court denied Appellant's PCRA petition. Appellant timely filed a notice of appeal, as well as a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.

On appeal, Appellant raises two issues. First, he contends the PCRA court erred in finding that "Appellant entered a knowing, willing and competent plea." Appellant's Brief at 3. Appellant also argues that the PCRA court erred "in finding that the Appellant's prior counsel was not ineffective in failing to file a Motion to Recuse the Trial Judge." *Id*.

"On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record." *Commonwealth v. Boyer,* 962 A.2d 1213, 1215 (Pa. Super. 2008).

Appellant first contends that he is entitled to relief under the PCRA because "he was never properly advised of the range of his sentences prior to entering his plea." Appellant's Brief at 7. Appellant asserts that he "would not have entered his plea if he had been advised of the actual range of sentence by [plea] counsel." *Id*.

"Allegations that counsel misadvised a criminal defendant in the plea process are properly determined under the ineffectiveness of counsel subsection of the PCRA [42 Pa.C.S. § 9543(a)(2)(ii)] not the section specifically governing guilty pleas [42 Pa.C.S. § 9543(a)(2)(iii)]." **Commonwealth v. Lynch**, 820 A.2d 728, 730 n.2 (Pa. Super. 2003).

> To establish a claim of ineffective assistance of counsel, a defendant must demonstrate three things: that the underlying claim has arguable merit, that counsel's performance was not reasonably designed to effectuate the defendant's interests, and that counsel's unreasonable performance prejudiced the defendant. [T]he voluntariness of [the] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

**Id.** at 733 (quotation marks and citations omitted). "[W]ith regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate 'it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.'" **Commonwealth v. Timchak**, 69 A.3d 765, 770 (Pa. Super. 2013) (quoting **Commonwealth v. Rathfon**, 899 A.2d 365, 370 (Pa. Super. 2006)).

Appellant's plea counsel testified at the evidentiary hearing. He testified that Appellant was originally facing nine felonies, and the plea offer accepted by Appellant had him pleading guilty to just one felony. Counsel further testified that he advised Appellant about sentencing ranges.

> I told him what the ranges were. I suggested to him that it would be up to the Judge to make the determination of the sentence he would receive. I said that the end result, you are pleading to one felony as opposed to if you went to trial and

were convicted of eight or nine, I forget how many it was. I said, you know, this is a gift.

N.T., 2/18/2014, at 5.

Counsel also testified that he went "over the [sentencing] guidelines with [Appellant]." *Id*. at 6. Counsel stated that he "spoke with [Appellant] many times about potential ranges and what he could get and could not get on this case." *Id*. at 9. In the end, Appellant was sentenced to consecutive sentences in the standard range. In contrast, Appellant testified that counsel never discussed possible sentencing ranges with him. *Id*. at 21.

The PCRA court found the testimony of plea counsel to be credible. *See* PCRA Court Opinion, 5/7/2014, at 5 ("The Court finds credible [plea counsel's] testimony[.]"). The PCRA court also concluded that Appellant "was aware of the maximum sentence that could be imposed, knew the [PCRA court] could impose either consecutive or concurrent sentence[s] and knew that there was no agreement as to what sentence would be imposed." *Id*. "The law is clear that we are bound by the credibility determinations of the PCRA court, where such findings have support in the record." *Commonwealth v. Clark*, 961 A.2d 80, 87 (Pa. 2008). We therefore conclude that Appellant has failed to demonstrate that his guilty plea resulted from ineffective assistance of counsel, and he is not entitled to relief on this basis.

Appellant's second claim on appeal is that his plea counsel was ineffective for failing to file a motion to recuse Judge Krumenacker, the

judge to whom Appellant was assigned for his plea and sentencing. Appellant argues that he expressed concerns about Judge Krumenacker's bias against him to plea counsel, and plea counsel was ineffective in failing to file a motion for Judge Krumenacker's recusal. Appellant's Brief at 14-16.

"A judge is not automatically disqualified from hearing a case merely because he has presided over prior cases involving the same defendant. However, if circumstances exist showing a continuing or recurring bias against a particular defendant or a class of cases, the trial judge should be disqualified." *Commonwealth v. Bryant*, 476 A.2d 422, 427 n.1 (Pa. Super. 1984).

PCRA counsel questioned Appellant about Judge Krunemacker's bias against him during the PCRA hearing, as follows.

> [Appellant:] Well, first of all, as soon as I came in and seen Mr. Krumenacker, I had Leahey the whole time, I came in and the first words out of my mouth when I talked to [plea counsel], I can't go in front of Mr. Krumenacker, we have a conflict of interest.

> [Counsel:] When was this?

> [Appellant:] As soon as I came in, as soon as he came up to talk to me and the first time I came in Krumenacker's room here, that's when it was.

> [Counsel:] Was it when you were entering your plea?

> [Appellant:] It was for entering my plea.

> [Counsel:] And why didn't you want Judge Krumenacker to preside?

[Appellant:] Because me and him had a conflict before, and I just saw a problem. I didn't want a problem, the problem is right now. I didn't want no problem, this way there would be no if, ands, or buts about it. If I didn't go in front of him, there would be no problem.

[Counsel:] Can you be a little bit specific about what the prior problem was?

[Appellant:] Well, I went in front of him for two DUI's [*sic*], the first and second, and the first one, he goes, I promise you will get more than the recommend[ed] sentence and the same with the second one.

Then there was a problem with my sentencing, concurrent or consecutive, and he wouldn't rule on it, and I made it up into the Superior Court and they sent a letter saying do something about it or we will at your expense. And I'm thinking, okay, I am not going in front of this guy again because he would be pissed off about that.

[Counsel:] Do you recall when these DUI's [*sic*] occurred?

[Appellant:] Twenty years [ago].

N.T., 2/18/2014, at 16-17.

Plea counsel also testified about this incident. Plea counsel testified that he recalled Appellant expressing concerns about appearing in front of Judge Krumenacker, and plea counsel was "99 percent sure" that he spoke to Judge Krumenacker about it. *Id*. at 10. Plea counsel testified that he did not file a motion for Judge Krumenacker to recuse because the judge "assured [him] there was no problem[.]" *Id*. at 11. In fact, plea counsel testified that Judge Krumenacker did not recall Appellant. *Id*.

The PCRA court, after reviewing the Superior Court docket, found that Judge Krumenacker imposed a sentence upon Appellant in a DUI case from

1996. The appeal was dismissed by this Court because counsel for Appellant failed to file a brief. That situation does not reasonably show that Judge Krumenacker maintained a "continuing or recurring bias" against Appellant. **Bryant**, **supra**. Thus, we agree with the PCRA court that there is no arguable merit to Appellant's position. PCRA Court Opinion, 5/7/2014, at 7 ("[Appellant has] failed to establish the [arguable] merit prong where there is no prior case in which [Judge Krumenacker's] sentence was reversed or otherwise altered by the Superior Court."). "[C]ounsel cannot be ineffective for failing to raise a meritless claim[.]" **Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1256 (Pa. Super. 2014) (*en banc*).

Accordingly, we conclude that Appellant's plea counsel was not ineffective for either of the reasons alleged by Appellant, and we affirm the order of the PCRA court denying his PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014