J-S59029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHMED F. GAD | : | |
| | : | |
| Appellant | : | No. 1053 EDA 2018 |

Appeal from the Judgment of Sentence March 2, 2018
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0003404-2017

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 11, 2019**

Ahmed F. Gad appeals from the judgment of sentence, entered in the Court of Common Pleas of Northampton County, following convictions of perjury, solicitation to commit perjury, and intimidation of a witness.  After careful review, we affirm.

Gad initially came before the Honorable Paula A. Roscioli following allegations of domestic violence.  On June 6, 2017, a jury found Gad guilty of simple assault and Judge Roscioli found Gad guilty of harassment, a summary offense.  Judge Roscioli sentenced Gad to twelve to twenty-four months' incarceration on the simple assault conviction and a consecutive forty-five to ninety days' incarceration on the harassment conviction, the maximum

sentences allowed.[1]  As a result of his conduct over the course of that trial, Gad was charged with the crimes at issue in the instant appeal.

In advance of his second jury trial, again before Judge Roscioli, Gad moved for the judge's recusal, citing her involvement in his previous trial, the length of the sentences imposed in his initial case, and his belief in her bias against him.  Omnibus Pretrial Motion, 1/12/18, at 2–3.  Judge Roscioli affirmed she was fully confident her prior involvement would "in no way [a]ffect the conduct of the trial," and that she would be able to "proceed in a manner that is objectively fair and impartial to both the Commonwealth and the Defendant."  Order, 2/22/18, at 7.  Judge Roscioli, however, seemed to contextualize Gad's prior harassment conviction in terms that presaged his conviction for intimidation of a witness and solicitation to commit perjury.[2]

On February 27, a jury found Gad guilty of perjury, solicitation to commit perjury, and intimidation of a witness.  On March 2, 2018, Judge Roscioli sentenced Gad to twelve to twenty-four months' incarceration for perjury, twelve to twenty-four months' incarceration for solicitation to commit perjury, and sixteen to sixty months' incarceration for intimidation of a victim

---

[1] These convictions were affirmed by this Court on June 11, 2018.  **See Commonwealth v. Gad**, 190 A.3d 600 (Pa. Super. 2018).

[2] Prior to Gad's second trial, Judge Roscioli justified Gad's harassment sentence on, *inter alia*, "the fact that [Gad] manipulated the victim into not coming forward to testify at trial, [and] the fact that [Gad] attempted to manipulate the victim into coming forward to lie to the Court at the time of sentencing."  Order, 2/22/18, at 7.

or witness. The sentences were set to run consecutively, resulting in an aggregate sentence of forty to one hundred and eight months' incarceration.

On March 12, 2018, Gad filed a motion for reconsideration of sentence, which was denied without an opinion. On March 23, 2018, Gad filed a timely notice of appeal, but his counsel failed to file a timely Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Finding ineffectiveness *per se*, this Court remanded the case to allow Gad to file a Rule 1925(b) statement *nunc pro tunc*, and for the court to file a Rule 1925(a) opinion addressing the issues raised by Gad and clarifying the language used to justify Gad's harassment conviction in the denial of Gad's Motion for Recusal. Instantly, Gad raises the following issues for our review:

(1) Did the court err in sentencing the defendant to an aggregate sentence of 3 years, 4 months to 9 years, [a] sentence well above the sentencing guidelines?

(2) Should the Honorable Paula A. Roscioli, judge of the Court of Common Pleas of Northampton County, have recused herself as she had sentenced the defendant in an earlier case of simple assault to the maximum sentence and had expressed an animosity towards him?

Brief of Appellant, at 5.

Gad first raises a challenge to the discretionary aspects of his sentence. The right to appeal the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. *See* ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). An

appellant must satisfy the following four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted).  Gad raised his claim in a timely petition to reconsider sentence, filed a timely notice of appeal, and included a Rule 2119(f) statement in his brief.

Gad's consecutive sentences, however, do not raise a substantial question to invoke our review.[3]  *See Commonwealth v. Moury*, 992 A.2d 162, 171–72 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances.").  The decision to sentence consecutively presents a substantial question when it "raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case."  *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super.

---

[3] Gad erroneously asserts his sentences are outside the standard range; he, however, conflates the guideline range, which suggests a *minimum* period of confinement, with suggested *total* sentences.  Brief for Appellant, at 9.  His individual sentences are at the top end of the standard range of the guidelines, not outside of them.  204 Pa. Code § 313.16(a).

2010); *cf. Commonwealth v. Dodge*, 957 A.3d 1198, 1199 n.2 (finding consecutive sentences *prima facie* unreasonable, thus raising substantial question, when sentencing series of property crimes to run consecutively resulted in 58½ to 124 years' incarceration). Here, in light of Gad's conduct, involving threats of violence and an attempt to undermine the justice system, we do not find his sentence clearly excessive on its face. His argument, therefore, does not raise a substantial question warranting appellate review. *See Moury*, *supra*.

Gad further alleges Judge Roscioli's conduct in his previous case evinced animus towards Gad, rendering her unfit to preside over the case at issue. Brief for Appellant, at 15–16.

The standards for recusal are well-established. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998). The party requesting recusal is required "to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially." *Id.* The judge to whom a motion for recusal is addressed must make two decisions:

> [T]he jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary.

*Id.* Each judge in this Commonwealth is entitled to the presumption that, "when confronted with a recusal demand, [she has] the ability to determine

- 5 -

whether [she] can rule impartially and without prejudice." ***Commonwealth v. Kearney***, 92 A.3d 51, 60 (Pa. Super. 2014). Her ruling will not be overturned but for an abuse of discretion. ***Id***.

A judge is not "automatically disqualified from hearing a case merely because [s]he has presided over prior cases involving the same defendant." ***Commonwealth v. Bryant***, 476 A.2d 422, 424 n.1 (Pa. Super. 1984) (citing ***Commonwealth v. McQuaid***, 417 A.2d 1210 (Pa. Super. 1980)). In the absence of demonstrable bias, a judge is fit to preside over a defendant's successive trials. ***See Kearney***, 92 A.3d at 61 (finding judge fit, not only to preside, but to serve as finder of fact in defendant's bench trial after presiding over two of defendant's prior jury trials); ***see also Abu-Jamal***, 720 A.2d at 90 ("[a]dverse rulings alone do not . . . establish the requisite bias warranting recusal, especially where the rulings are legally proper"). A defendant is further removed from any alleged biases when the fact finding role is delegated to the jury, as "the integrity of the fact-finding process is insulated from any predispositions held by the trial judge." ***Commonwealth v. Mercado***, 649 A.2d 946, 960 (Pa. Super. 1994).

Here, Gad has failed to establish the requisite bias to warrant recusal. Judge Roscioli's original order denying recusal examined her experience with Gad and found recusal unnecessary, citing her confidence "that her familiarity with the evidence to be presented in this case [would] in no way [a]ffect the conduct of the trial, and that the trial [would] proceed in a manner that is

objectively fair and impartial . . ." Order, 2/22/18, at 6–7. Following remand, the judge clarified statements in her order denying recusal regarding Gad's behavior during his first trial as a reference to evidence, properly considered at sentencing, which justified the length of Gad's harassment sentence. Rule 1925(a) Opinion, 5/17/2018, at 3. She further stated that her pre-existing familiarity with the evidence in no way colored her oversight of the defendant's subsequent jury trial. *Id.* at 3–4. Nothing in the record, including Judge Roscioli's role in Gad's prior trial, rebuts the presumption that Judge Roscioli could rule impartially and without prejudice. *Kearney*, *supra*. Gad's argument, based solely on a prior sentence, properly rendered, cannot establish the requisite bias requiring recusal. *Abu-Jamal*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/19