J-S13040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID STROWHOUER | : | |
| | : | |
| Appellant | : | No. 2984 EDA 2022 |

Appeal from the Order Entered November 10, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002024-2019

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 18, 2023**

Appellant David Strowhouer appeals from the order of the Court of Common Pleas of Delaware County denying his petition pursuant to the Post-Conviction Relief Act (PCRA).[1] Appellant contends he was improperly denied an evidentiary hearing on his petition which raises several claims of the ineffectiveness of his plea counsel. We affirm.

This petition stems from Appellant's decision to enter a guilty plea on August 15, 2019 to third-degree murder, homicide by vehicle while driving under the influence ("DUI"), aggravated assault by vehicle while DUI, aggravated assault by vehicle, accidents involving death or injury while not licensed, DUI, and driving while suspended for a DUI-related offense.[2]

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] 18 Pa.C.S.A. § 2502(c); 75 Pa.C.S.A. §§ 3735(a)(1)(ii), 3735.1(a), 3732.1(a), 3742.1(a)(1), and 3802(d)(3), respectively.

Appellant was charged with the aforementioned offenses in connection with a motor vehicle accident that culminated in the death of Deana Eckman and severely injured her husband, Christian Eckman. The trial court summarized the tragic factual background of this case as follows:

> On Saturday, February 16, 2019, [Appellant] attended the funeral of his mother. He had been drinking throughout the day and became highly intoxicated. After the funeral luncheon, [Appellant] continued drinking at his brother's residence in Willistown Township, Chester County. At approximately 9 p.m., [Appellant] decided he wanted to go to Chester, Delaware County to buy cocaine. Despite his brother and sister-in-law's impassioned attempt to stop him, [Appellant] abruptly left their residence in a black Dodge Ram pickup truck almost striking his brother. As [Appellant] approached the Rt. 452 bridge over the CSI railroad tracks in Upper Chichester Township, he illegally passed a vehicle at a high rate of speed. [Appellant] entered into the oncoming lane of traffic. While in the oncoming lane of traffic, [Appellant] crashed head on into the victims' vehicle as they proceeded lawfully in the correct lane of travel. The horrific impact killed the victim female passenger and caused serious bodily injury to her husband, the driver.
>
> At the time of the crash, [Appellant] had alcohol and three controlled substances in his system. [Appellant] had a blood alcohol content of 0.199 percent and Cocaine, Valium, and Marijuana were all detected in his blood. [Appellant is] a repeat DUI offender. [Appellant] has five previous DUI convictions between 2010 and 2017. At the time [Appellant] committed the current offenses, he was on State parole on three of his DUI cases.

Trial Court Opinion (T.C.O.), 5/18/20, at 1-2.

On November 14, 2019, the trial court imposed an aggregate sentence of 25½ to 51 years' imprisonment, which included numerous individual sentences, including a term of 5-10 years' imprisonment for Aggravated Assault by Vehicle While DUI.

- 2 -

On direct appeal, this Court affirmed Appellant's convictions but vacated the sentence in part as the sentence for Aggravated Assault by Vehicle While DUI as the trial court did not set forth the permissible guideline ranges for this offense or acknowledge that it had sentenced Appellant beyond the aggravated range. As such, this Court vacated the entire sentence and remanded for resentencing. *See **Commonwealth v. Strowhouer***, 98 EDA 2020 (Pa.Super. April 5, 2021) (unpublished memorandum).

Upon remand, on November 22, 2021, the trial court imposed the same sentence on all counts with the exception of the Aggravated Assault by Vehicle While DUI, which it reduced to 3½ to 10 years' imprisonment. Therefore, Appellant received an aggregate sentence of 24 to 51 years' imprisonment. Appellant did not appeal after he was resentenced.

On June 22, 2022, Appellant filed the instant PCRA petition raising several claims of ineffectiveness of his plea counsel, including that counsel was ineffective in advising him to plead guilty to third-degree murder and in failing to request that the trial court recuse itself as it had presided over Appellant's 2017 negotiated guilty plea to DUI.

On September 22, 2022, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing pursuant to Pa.R.Crim.P. 907. On November 10, 2022, the PCRA court dismissed Appellant's petition. Appellant filed a timely appeal and complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

1. Whether the lower court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since [Appellant's] conviction and sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt of innocence could have taken place?

2. Whether the lower court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since, under the totality of the circumstances, there are genuine issues concerning material facts and legitimate purposes would be served by such hearing?

3. Whether the lower court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since [Appellant's] petition makes out a *prima facie* case warranting such hearing where under the totality of the circumstances, trial counsel provided ineffective assistance that lacked reasonable basis which prejudiced [Appellant]?

Appellant's Brief, at 6.

Our standard of review is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Mason*, 634 Pa. 359, 130 A.3d 601, 617 (2015) (internal citations and quotation marks omitted).

Appellant raises several claims of the ineffective assistance of his plea counsel. We are guided by the following principles:

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. *See Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The PCRA court may deny an ineffectiveness claim if "the petitioner's evidence fails to meet a single one of these prongs." *Commonwealth v. Basemore*, 560 Pa. 258, 744 A.2d 717, 738 n.23 (2000).... Because courts must presume that counsel was effective, it is the petitioner's burden to prove otherwise. *See Pierce*, *supra*; *Commonwealth v. Holloway*, 559 Pa. 258, 739 A.2d 1039, 1044 (1999).

[*Commonwealth v. Natividad*, 595 Pa. 188, 207–208, 938 A.2d 310, 321 (2007);] *see also Commonwealth v. Hall*, 582 Pa. 526, 537, 872 A.2d 1177, 1184 (2005) (stating an appellant's failure to satisfy any prong of the *Pierce* ineffectiveness test results in a failure to establish the arguable merit prong of the claim of ineffectiveness).

*Commonwealth v. Johnson*, 179 A.3d 1105, 1114 (Pa.Super. 2018).

First, Appellant argues that his trial counsel was ineffective in advising him to plead guilty to third-degree murder. As Appellant alleges that there was insufficient evidence to show he acted with malice in causing the victim's death, he asserts that he would have been acquitted of third-degree murder had he chosen to go to trial.

We recognize that:

"[a] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." [*Commonwealth v.*] *Wah*, 42 A.3d [335,] 338 [(Pa.Super. 2012]) (citations omitted). Under the PCRA, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the

- 5 -

ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea." [*Commonwealth v.*] *Fears*, 86 A.3d [795,] 806–07 [(Pa. 2014)] (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Wah*, 42 A.3d at 338-399 (citations omitted).

"[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted). This is not a stringent requirement. *Id*. The reasonable probability test refers to "a probability sufficient to undermine confidence in the outcome." *Id*. (citations omitted).

*Commonwealth v. Brown*, 235 A.3d 387, 391 (Pa.Super. 2020) (citing

*Commonwealth v. Velazquez*, 216 A.3d 1146, 1149–50 (Pa.Super. 2019).

In this case, Appellant argues that his trial counsel was ineffective in allowing him to plead guilty to third-degree murder when there was no factual basis for such plea. Appellant alleges that the act of "drunk driving alone is not sufficient to prove the level of recklessness required for malice," which is an element of third-degree murder. Appellant's Brief, at 24.

To successfully convict a defendant of third-degree murder, the Commonwealth must demonstrate that the defendant killed another person with malice, which is defined as "extreme indifference to human life." *Commonwealth v. Knox*, 219 A.3d 186, 195 (Pa.Super. 2019) (quoting *Commonwealth v. Hardy*, 918 A.2d 766, 774 (Pa.Super. 2007) (citations omitted)). This Court has held that malice may be found to exist not only in an intentional killing, "but also in an unintentional homicide where the

perpetrator consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily injury." *Knox*, 219 A.3d at 195 (citation omitted).

We recognize that our Supreme Court has held that "the decision to drive while under the influence of alcohol and/or a controlled substance does not, standing alone, constitute malice[,]" but rather constitutes ordinary negligence. *Commonwealth v. Packer*, 168 A.3d 161, 170 (Pa. 2017). However, a drunk driver may be found to have acted with malice if he "could reasonably anticipate that serious bodily injury or death would be the likely and logical consequence of his actions … but the consequence was ignored." *Id*. (quoting *Commonwealth v. O'Hanlon*, 653 A.2d 616, 618 (Pa. 1995)).

In *Packer*, our Supreme Court upheld Packer's third-degree murder conviction in connection with a deadly automobile accident caused by Packer who inhaled difluroethane ("DFE") from an aerosol dust remover product before and while operating her vehicle. The Supreme Court concluded that Packer's *mens rea* exceeded ordinary negligence and constituted malice as she knew that DFE was not intended to be ingested and was aware of the effects of DFE inhalation, as she had on past occasions had lost consciousness for extended periods of time after huffing DFE. *Packer*, 168 A.3d at 171. In addition, the Supreme Court noted that Packer made comments before the accident acknowledging the danger huffing posed and also after the accident when she lied about having inhaled DFE before the crash. *Id*.

Given that Packer knew of the immediate, overwhelming effect of huffing DFE, the Supreme Court likened Packer's behavior to Russian roulette as in both instances, the defendant is "virtually guaranteeing some manner of accident" will occur through the "intentional doing of an uncalled–for act in callous disregard of its likely harmful effects on others." *Id.* at 172. As a result, the Supreme Court concluded Packer acted with a high degree of recklessness that constituted malice when she chose to drive under the influence of DFE.

Similarly, in this case, while Appellant contends that he was only liable for ordinary negligence as he alleges that he was merely drinking and driving, there are numerous aggravating factors that would lead a factfinder to believe that Appellant's actions showed that he acted with malice in that he "consciously disregarded an unjustified and extremely high risk that his actions might cause death or serious bodily harm." **Knox**, **supra**.[3]

First, Appellant was visibly intoxicated after drinking for hours when he decided to drive his vehicle to obtain some cocaine. Notes of Testimony (N.T.), Guilty Plea, 8/15/19, at 23-24. Video surveillance showed that Appellant's motor skills were noticeably affected by his intoxication as he fell down the front steps of his brother's home and staggered to the truck while holding a beer. *Id*. at 26. Upon his arrest, blood tests revealed that within two hours of

_____

[3] In establishing the factual basis for Appellant's guilty plea, the Commonwealth offered its affidavit of probable cause along with multiple exhibits to demonstrate the evidence that would have been presented had Appellant gone to trial.

the time of the crash, Appellant's blood contained not only alcohol at 0.199 percent, but also cocaine, valium, and marijuana. *Id*. at 18.

Second, Appellant ignored the repeated impassioned pleas of his brother and sister-in-law to refrain from driving while in his intoxicated state and left in the truck after his family had begged him not to get behind the wheel. As Appellant was driving away from his brother's home, Appellant nearly hit his brother who was attempting to physically block his exit. *Id*. Thereafter, when Appellant's sister-in-law persisted in her efforts to attempt to convince Appellant to pull over when she subsequently called Appellant's cell phone, Appellant flippantly laughed, disregarded her pleas, and hung up the phone. *Id*. at 26-27.

Third, Appellant was speeding excessively at the time of the crash as the black box in the Dodge Ram reported that Appellant was traveling 69 mph at the point of impact and 78 mph just 2.3 seconds before the crash with the accelerator pedal fully engaged. *Id*. at 19. Appellant was driving twice the posted speed limit of 35 mph when he collided with the victims' vehicle.

Fourth, Appellant was driving recklessly and erratically before the crash. Larry Weathers gave a statement to police indicating that just minutes before the crash, Appellant was driving so aggressively that it made Weathers fearful. Weathers indicated that he would testify that Appellant tailgated his vehicle for several miles at a distance that was so close that Weathers could not see the grill on Appellant's truck. *Id*. at 13-14. Weathers watched as Appellant's

vehicle sped around him into the opposite lane and did not stop before he collided with the victims' vehicle. ***Id***. at 14.

Fifth, after causing the crash, Appellant demonstrated that he was aware of the danger his conduct had posed as he fled the scene and lied to investigators about the accident. Appellant told police that his cousin was driving the vehicle that caused the crash and that Appellant was a passenger in the vehicle. ***Id***. at 15. It was later determined that the individual that Appellant had identified as the driver was actually in Puerto Rico at the time of the crash. ***Id***.

Lastly, the Commonwealth had filed notice under Pa.R.E. 404(b) of its intent to introduce Appellant's prior DUI convictions and completion of alcohol highway safety school on two separate occasions to show his knowledge of the dangers of driving under the influence of alcohol and controlled substances at the time of the deadly accident. ***Id***. at 16-17.

Despite the extensive education Appellant received on the potential deadly consequences of driving under the influence given his status as a repeat DUI offender and the multiple warnings by family members concerned for the safety of Appellant and of the public, Appellant's decision to drive while highly intoxicated with alcohol and multiple controlled substances in his system constituted conduct with "callous disregard of its likely harmful effects on others." ***Packer***, ***supra***. Instead, Appellant chose to get behind the wheel, drove recklessly with excessive speed, and caused the fatal accident.

Accordingly, for the reasons discussed, the evidence presented provided a basis for a factfinder to conclude that Appellant acted with malice in that he could "reasonably anticipate that serious bodily injury or death would be the likely and logical consequence of his actions … but the consequence was ignored." **Packer**, **supra**. As such, the trial court did not err in rejecting Appellant's ineffectiveness claim as trial counsel's advice for Appellant to plead guilty to third-degree murder was within the range of competence demanded of attorneys in criminal cases.

In his second argument on appeal, Appellant asserts that trial counsel was ineffective in failing to file a motion requesting that the trial court, Judge Mary Alice Brennan, recuse herself as she had presided over Appellant's 2017 guilty plea to DUI.

In reviewing recusal requests, it is well-established that:

> [i]t is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent.

*Commonwealth v. Dip*, 221 A.3d 201, 206 (Pa.Super. 2019) (quoting *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998)) (quotation marks omitted)).

There is no merit to Appellant's bald assertion that Judge Brennan was "inherently biased" in sentencing him simply because she presided over Appellant's previous guilty plea to DUI in 2017. It is well-established that "[a] judge is not automatically disqualified from hearing a case merely because he [or she] has presided over prior cases involving the same defendant." *Commonwealth v. Kearney*, 92 A.3d 51, 62 (Pa.Super. 2014) (quoting *Commonwealth v. Bryant*, 476 A.2d 422, 424 n. 1 (Pa.Super. 1984)). **See also *Commonwealth v. Sarvey***, 199 A.3d 436, 454 (Pa.Super. 2018) (noting that "[j]udges in the smaller counties commonly preside over multiple proceedings involving a given defendant and his or her friends and family, and that fact, in and of itself, is not indicative of bias").

The only grounds Appellant offers to support a recusal request is his allegation that Judge Brennan "cut [Appellant] a break" when she accepted his negotiated plea on his third DUI charge in 2017 and sentenced him to 1-5 years' imprisonment when the statutory maximum was 2½ to 5 years imprisonment. Appellant specifically claims that:

> [t]he events in this case may have been prevented had Judge Brennan rejected [the 2017] plea and imposed the maximum sentence, since i) [Appellant] may have learned his lesson and refrained from alcohol with this crime, and the fatalities that resulted may have been avoided; or ii] this crime might not have occurred, as the Parole Board may not have paroled [Appellant]

in the prior case, and he would have still been in custody [for the 2017 case] on May 10, 2017, the date of this tragedy.

Appellant's Brief, at 26.

We find Appellant's attempt to shift blame to Judge Brennan to be baseless and quite offensive. Despite the gravity of the tragic events that occurred in this case, Appellant still fails to acknowledge his sole responsibility for causing the horrific accident that took the life of one victim and severely injured another victim.

To the extent that Appellant insinuates that the trial judge regretted her decision to accept Appellant's 2017 negotiated guilty plea and then sentenced Appellant more harshly in this case, this allegation is pure speculation and is unsupported by the record. At both sentencing hearings, the trial court did not discuss Appellant's prior DUI convictions, but instead focused on Appellant's unwise choices which led to a deadly accident that was clearly avoidable. In the initial sentencing hearing, the trial court provided:

> Mr. Strowhouer, you're here because of the decisions you made. I saw so many times on that video and in those transcripts where you could have made different decisions, correct decisions, healthy decisions, mature decisions, unselfish decisions, and this devastation would've never been brought by you to the Eckman and DeRosa family and would've never brought you to stand here in this place. Your decisions have determined your destiny.

N.T., Sentencing, 11/14/19, at 52. Upon resentencing, the trial court simply reduced Appellant's sentence on the charge of Aggravated Assault by Vehicle While DUI. Appellant has failed to point to any factual circumstance that would suggest any appearance of impropriety on the part of the trial judge.

Appellant's suggestion that another judge would have sentenced him more leniently completely ignores the gravity of Appellant's offense, his extended criminal history of multiple DUI convictions, his failure to benefit from previous education on the dangers of driving under the influence of alcohol and controlled substances, and the impact of the offense on the victims' families. Appellant has offered no evidence to show that another judge would be more lenient. As such, there is no merit to Appellant's suggestion that trial counsel was ineffective in failing to seek Judge Brennan's recusal in this case.

Lastly, Appellant claims the PCRA court erred in denying his petition without a hearing. However, a petitioner does not have the right to a PCRA petition as "the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." *Commonwealth v. Epps*, 240 A.3d 640, 645 (Pa.Super. 2020) (citation omitted).

In this case, Appellant fails to identify any disputed issue of material fact that would require the PCRA court to hold an evidentiary hearing before dismissing his petition. We decline to review this claim further.

For the foregoing reasons, we affirm the denial of Appellant's petition.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/18/2023*