**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD DRAYTON | : | |
| | : | |
| Appellant | : | No. 191 MDA 2019 |

Appeal from the PCRA Order Entered January 29, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0004335-2015

BEFORE:   SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 11, 2020**

Appellant, Ronald Drayton, appeals from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the factual and procedural history of this matter as follows:

> On February 12, 2016, the Luzerne County District Attorney filed an eight count Criminal Information, charging [Appellant] with violating 18 Pa.C.S.A. § 6105(a)(1), Persons not to possess, use, manufacture, control, sell or transfer firearms (Count 1); 18 Pa.C.S.A. § 6106(a)(1), Firearms not to be carried without a license (Count 2); and 18 Pa.C.S.A. § 2705, Recklessly endangering another person ["REAP"] (Counts 3-8).   These charges stem from a July 10, 2015 incident at the Passion Lounge in Wilkes-Barre, Pennsylvania.   On May 5, 2017, [Appellant] signed a Guilty Plea Agreement and Colloquy, indicating that it was his intention to plead guilty to Count 2, Firearms not to be

_____

[*] Retired Senior Judge assigned to the Superior Court.

carried without a license. The signed plea agreement set forth that the Commonwealth agreed to withdraw the remaining counts, and that it would not oppose [Appellant's] request that any term of incarceration be served concurrently with the sentence imposed on [Appellant] by the U.S. District Court in the Middle District of Pennsylvania in the case of *United States of America v. Ronal[d] Drayton*, 3:14-CR-00305-EMK-4. Agreement signed 5-5-17[,] at 2. Additionally, the signed agreement acknowledged that the sentencing court is not bound by any term as to [the] sentence contained in the agreement, and that [Appellant] had not been guaranteed a specific sentence. *Id*. at 3.

A hearing was conducted on May 5, 2017, at which time [Appellant] confirmed he intended to plead guilty to Count 2. N.T. 5/5/17, at 3. Prior to the [c]ourt's acceptance of the guilty plea, [Appellant] was subject to a verbal guilty plea colloquy. *Id*. During the colloquy, [Appellant] confirmed to the [c]ourt that he and his attorney discussed and reviewed his desire to plead guilty, and that [Appellant] had reviewed and signed the written Guilty Plea Agreement and Colloquy. *Id*. at 4. Following the [c]ourt's acceptance of [Appellant's] guilty plea, he was sentenced to a standard range sentence of 24 to 48 months' incarceration to be served concurrently with the federal sentence. *Id*. at 19-20. [Appellant] was advised by this [c]ourt of his post-sentence rights before the hearing concluded. *Id*. at 24-25.

No post-sentence motion or direct appeal was filed. On May 20, 2018, [Appellant] filed a *pro se* Motion for Post Conviction Collateral Relief alleging that his trial counsel rendered ineffective assistance with regard to [Appellant's] guilty plea. PCRA counsel was appointed to represent [Appellant], and a supplemental PCRA petition was filed on December 11, 2018. A PCRA hearing was held on January 29, 2019. The crux of [Appellant's] argument is that he agreed to plead guilty to Count 2 of the [eight] Count Information because his counsel erroneously indicated to him that if the [c]ourt ran his state sentence concurrently with the federal sentence, [Appellant] would serve the entirety of the state sentence in a federal facility. Contrary to [Appellant's] expectations, however, he is scheduled to be paroled on his federal sentence on November 1, 2019, prior to reaching the maximum term of his state sentence. N.T. 1/29/19 at 10.

[Appellant's] request for post-conviction relief was denied at the conclusion of the PCRA hearing, and [Appellant] filed a

counseled timely Notice of Appeal on January 30, 2019. PCRA counsel was permitted to withdraw, and appellate counsel was appointed to represent [Appellant]. Through appellate counsel, [Appellant] filed a timely Pa.R.A.P. 1925(b) statement of errors complained of on appeal on March 21, 2019.

PCRA Court Opinion, 5/24/19, at 1-3. This panel filed a memorandum in this matter on January 2, 2020. On January 9, 2020, the Commonwealth filed an application for reconsideration, which this panel granted on February 28, 2020. After additional review, this case is now ripe for disposition.

Appellant presents the following issues for our review:

I. Whether defense counsel was ineffective at the time of [Appellant's] guilty plea in that he incorrectly advised [Appellant] that if the court sentenced [Appellant] to a concurrent term with his federal sentence he would not have to serve any time in state prison under the sentence in the above captioned case.

II. Whether [Appellant's] guilty plea was knowing and voluntary in that he incorrectly, based on counsel's advice, believed that he would not serve any time in state prison on the above-captioned sentence.

Appellant's Brief at 3 (full capitalization omitted).

Initially, we observe that Appellant's brief does not comply with Pa.R.A.P. 2119, which provides, in pertinent part, as follows:

**(a) General rule. The argument shall be divided into as many parts as there are questions to be argued**; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a) (emphasis added). The argument portion of Appellant's brief is not divided into as many parts as there are questions to be argued

because the argument portion is one part, yet Appellant lists two issues in his statement of the questions presented. Appellant has combined each of the points raised to now argue that the PCRA court erred in failing to find that defense counsel was ineffective in offering advice at the time of the guilty plea, which rendered the plea involuntary. Appellant's Brief at 11-18. Likewise, we will address Appellant's claims in a single discussion.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. **Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa. 2001). It is

presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). Furthermore, claims of ineffective assistance of counsel are not self-proving. *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002).

It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003) (citing *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)). However:

> allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"

*Allen*, 833 A.2d at 802 (quoting *Hickman*). Our law does not require that a defendant be totally pleased with the outcome of his decision to plead guilty, only that his decision be voluntary, knowing, and intelligent. *Commonwealth v. Baldwin*, 760 A.2d 883, 885 (Pa. Super. 2000).

In *Commonwealth v. McCauley*, 797 A.2d 920 (Pa. Super. 2001), we explained that

> [o]nce a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is

established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.

***Commonwealth v. Stork***, 737 A.2d 789, 790-791 (Pa. Super. 1999), *appeal denied*, 564 Pa. 709, 764 A.2d 1068 (2000) (citations and quotations omitted). Determining whether a defendant understood the connotations of his plea and its consequences requires an examination of the totality of the circumstances surrounding the plea. [***Commonwealth v. Yager***, 685 A.2d 1000 (Pa. Super. 1996)].

In order to determine the voluntariness of the plea and whether the defendant acted knowingly and intelligently, the trial court must, at a minimum, inquire into the following six areas:

(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has a right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Commonwealth v. Young***, 695 A.2d 414, 417 (Pa. Super. 1997).

***McCauley***, 797 A.2d at 922.

- 6 -

This Court consistently stated that "even if there is an omission or defect in the guilty plea colloquy, the guilty plea will not be deemed invalid if the circumstances surrounding the entry of the plea reveal that the defendant fully understood the nature and consequences of his ... plea and that he ... knowingly and voluntarily decided to plead guilty." ***Commonwealth v. Blackwell***, 647 A.2d 915, 921-922 (Pa. Super. 1994) (citing ***Commonwealth v. Fluharty***, 632 A.2d 312 (Pa. Super. 1993)). A defendant may knowingly and voluntarily plead guilty as a matter of strategy or expedience even though he is unable or unwilling to admit guilt regarding the crimes charged. ***Id***. at 922. Thus, the court's inquiry should focus on whether the appellant understood what he was doing by specifically looking at the plea colloquy to determine whether he understood the plea. ***Id***.

The PCRA court addressed Appellant's claim of ineffective assistance of counsel with the following cogent analysis in its opinion filed pursuant to Pa.R.A.P. 1925(a):

> A thorough review of the record in the instant matter supports the [PCRA c]ourt's conclusion that [Appellant] failed to show that counsel's stewardship resulted in an unknowing, involuntary or unintelligent plea. [Appellant] was extensively questioned at the May 5, 2017 guilty plea hearing to ensure the soundness of his decision. Further, the validity of his responses, as well as his review and comprehension of the signed written guilty plea colloquy, was confirmed at the January 29, 2019 PCRA hearing.
>
> [Appellant] claims that based on counsel's advice, he agreed to plead guilty and to request that his state sentence run concurrently to his federal sentence, so that he could serve the entirety of the state sentence in the federal facility. As the record

- 7 -

clearly shows, however, prior to the [c]ourt's acceptance of [Appellant's] guilty plea, [Appellant] was fully informed that the [c]ourt was not bound by any agreements reached by the parties regarding sentencing, but could instead impose any sentence it saw fit, and that the [c]ourt could not guarantee that [Appellant] would serve his state sentence entirely in a federal facility. N.T. 5/5/17, at 6-8; N.T. 1/29/19 at 13-14. Guilty Plea Agreement and Colloquy of Defendant signed 5/5/17 at 2-3. Thus[, Appellant] was clearly informed that whatever assumptions he and counsel had made regarding the sentence did not bind the [c]ourt, and would not necessarily come to pass. After being so informed and acknowledging receipt of that information, [Appellant] nevertheless chose to go forward with the plea process. As such, he cannot now claim that his counsel's stewardship led to his entry into a guilty plea that was not knowing, voluntary and intelligent.

PCRA Court Opinion, 5/24/19, at 4-5.

Our review of the record belies Appellant's assertion that he was induced by ineffective defense counsel to enter his plea involuntarily. The following portion of the oral guilty plea colloquy informs our conclusion:

[THE COURT]: Has anyone promised you anything to plead guilty other than your plea agreement?

[APPELLANT]: Yes.

[THE COURT]: Okay. What other promises were made to you other than your plea agreement? Is somebody promising you something to get [you to] plead guilty today, or are you pleading of your own free will?

[APPELLANT]: Well, I was promised a certain sentence with respect to my plea, yes.

[THE COURT]: Okay.

THE COURT: What is the sentence --

[ASSISTANT ATTORNEY GENERAL]: Judge, he may be referencing Subparagraph 4[B][1] of the guilty plea agreement in which the Commonwealth has agreed not to oppose [Appellant's] request to serve any sentence imposed by this [c]ourt concurrently with the sentence he's currently serving in Federal Court.

THE COURT: Okay. Is that what you're referring to, a concurrent sentence?

[APPELLANT]: Yes. For the most part, yes.

THE COURT: Okay. You said for the most part. Are there any other promises that were made to get you to plead guilty today?

[APPELLANT]: Aside from the concurrent sentence, the fact that I wouldn't serve any time in a state penitentiary.

THE COURT: I'm not sure that – **is that agreed to**?

[ASSISTANT ATTORNEY GENERAL]: Not by the Commonwealth, Your Honor.

N.T., 5/5/17, at 6-8 (emphasis added). This exchange among Appellant, the trial court, and the assistant attorney general establishes that Appellant was

---

[1] The written guilty-plea agreement and colloquy contain the following term and condition at Subparagraph 4(B):

B. The Commonwealth **will not oppose** [Appellant's] request to the sentencing court that any term of incarceration be served **concurrently** with the sentence of incarceration imposed upon [Appellant] by the United States District Court for the Middle District of Pennsylvania in the case of *United States of America v. Ronald Drayton*, 3:14-CR-00305-EMK-4.

Guilty Plea Agreement and Colloquy, 5/5/17, at 2, ¶4(B) (emphases in original).

informed that the Commonwealth was not agreeing with Appellant's suggestion that he would not serve any time in a state prison. Accordingly, we conclude that, prior to entry of his plea, Appellant was aware that there was no promise that he would not serve a portion of his sentence in state prison.

Moreover, the written guilty-plea colloquy contains the following acknowledgement, which further restrains Appellant's argument that he entered his guilty plea in anticipation of any particular sentence:

> 8. THE SENTENCING COURT IS NOT BOUND BY ANY TERM AS TO SENTENCE CONTAINED IN THIS AGREEMENT. I acknowledge that any terms related to a sentence set forth in paragraph 4 above are not binding on the [c]ourt and I have not been guaranteed a specific sentence in exchange for this plea. The [c]ourt retains the power to decide my sentence.

Guilty Plea Agreement and Colloquy, 5/5/17, at 3, ¶8 (capitalization in original).

Hence, the certified record reflects Appellant was informed at the guilty plea hearing that the Commonwealth did not agree with Appellant's understanding that he would serve his sentence only in federal prison. In addition, the signed written colloquy acknowledges that Appellant was not guaranteed a specific sentence in exchange for his guilty plea. Consequently, there is no support for the assertion that Appellant's guilty plea was based upon trial counsel's promise of a particular sentence being served in a

- 10 -

particular prison.[2] Therefore, there is no merit to the underlying claim that trial counsel was ineffective in advising Appellant to enter the guilty plea.[3] Again, the law does not require that Appellant be completely satisfied with the outcome of his decision to plead guilty. *Baldwin*, 760 A.2d at 885. The law only requires that a plea be voluntary, knowing, and intelligent. *Id*.

Thus, after examining the totality of circumstances surrounding the entry of the plea, we conclude that Appellant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. Accordingly, he has failed to demonstrate that the underlying claim is of arguable merit.

_____

[2] The dissent contends that "Appellant was repeatedly told by counsel that [the state sentence would run while the federal sentence was being served] as an automatic consequence of [Appellant's] plea. Dissenting Memorandum at 7. However, there is no evidence of record that counsel "repeatedly" gave such advice prior to the entry of the plea. Moreover, establishing this allegation is hindered by the reality that Appellant failed to call plea counsel as a witness at the PCRA hearing. Therefore, in order to support its conclusion, the dissent is left to rely on portions of the transcript that occurred after the entry of Appellant's guilty plea and during the time of sentencing.

[3] With regard to whether Appellant entered his plea voluntarily on the advice of counsel that "was within the range of competence demanded of attorneys in criminal cases," we observe that there was confusion among plea counsel, the Assistant Attorney General, and the trial court regarding Appellant's sentence. N.T., 5/5/17, at 8, 21-24. For example, the trial court stated, "The 24 months [minimum state sentence], all of this is going to run out; and [Appellant is] still going to be in jail on his federal sentence." *Id*. at 24. This confusion by the various entities present at the plea hearing suggests that plea counsel's advice was not outside of the range of competence demanded of attorneys in criminal cases. *Allen*, 833 A.2d at 802.

We also address the second and third prongs of the ineffectiveness test, *i.e.*, whether counsel's action or inaction lacked a reasonable basis designed to effectuate Appellant's interest and whether Appellant suffered prejudice.[4] With regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-863 (Pa. Super. 2000). Again, where a defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Allen*, 833 A.2d at 802.

As the United States Supreme Court explained in *Strickland v. Washington*, 466 U.S. 668 (1984), counsel's strategic decisions must be examined in light of the known facts and what prevailing professional norms required at the time of the plea.

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective

---

[4] We note that a "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citing *Commonwealth v. Sneed*, 899 A.2d 1067 (Pa. 2006)). Therefore, in light of the fact that Appellant failed to prove the first prong of the ineffectiveness test, we need not address the remaining two prongs. However, we observe that in its application for reargument, the Commonwealth specifically focused on the prejudice prong of the ineffectiveness test. Application for Reargument, 1/9/20, at 5-9. Accordingly, out of an abundance of caution, we will address the second and third prongs of the ineffectiveness test in this Memorandum.

assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.

*Id*. at 690.

As previously indicated, Appellant failed to present plea counsel as a witness at his PCRA hearing. Our review of the record reveals no indication as to why counsel was not called as a witness. This hampers our review because Appellant has relied upon a letter from counsel, dated seven months before the entry of the guilty plea as support for the allegation that plea counsel repeatedly misrepresented where Appellant would be serving his sentence.[5] Hence, any advice or representations by counsel during the period

---

[5] The complete text of the body of the letter in question is as follows:

> Enclosed is a copy of the fingerprint analysis and handgun analysis that was provided to me by the Attorney General's office.
>
> Also, I was able to get your dispositional hearing moved to November. Hopefully, you will be sentenced by then and we can proceed with the state case and put this behind you. **I got Barney Anderson to agree to give you less time in your state case than your federal so that you will never serve any time in a state prison nor ever be on state parole.**
>
> Wishing you all the best with the federal case and I'm sure you'll be happy to put this all behind you and move forward with your life.

Letter, 10/5/16, at 1 (emphasis added).

- 13 -

between the letter and the guilty plea hearing are strikingly missing from the record due to the fact that Appellant failed to present counsel as a witness. As we previously stated, claims of ineffective assistance of counsel are not self-proving. **Wharton**, 811 A.2d at 986. Hence, we conclude that Appellant has failed to meet this prong of the ineffectiveness test.

Last, we address the prejudice prong. We are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. **Pierce**, 786 A.2d at 213. In **Commonwealth v. Mallory**, 941 A.2d 686 (Pa. 2008), our Supreme Court explained that, where a claim of ineffective assistance involves the waiver of a constitutional right at the plea stage of the proceedings, the petitioner does not have to demonstrate that the outcome of a jury trial would have been more favorable than the course chosen. **Id**. at 703. Rather, as the Court in **Mallory** observed, "[The **Hill v. Lockhart**, 474 U.S. 52 (1985)] Court focused on the outcome of the guilty plea proceeding and did not require the defendant to demonstrate that but for counsel's error, he would not have pled guilty **and** would have achieved a better outcome at trial." **Mallory**, 941 A.2d at 703 (emphasis in original). Rather, the term "result of the proceedings" refers to "the result of the trial stage where the alleged ineffectiveness took place, and not necessarily the ultimate verdict." **Id**.

Likewise, we have stated the following:

[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not

- 14 -

have pleaded guilty and would have insisted on going to trial. This is not a stringent requirement. The reasonable probability test refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Brown*, \_\_\_ A.3d \_\_\_, 2020 PA Super 169, at \*8-9 (Pa. Super. filed July 14, 2020) (quoting *Commonwealth v. Velazquez*, 216 A.3d 1146, 1149-1150 (Pa. Super. 2019)) (quotation marks and citations omitted). "Reasonable probability" is established when a petitioner shows that he "would have opted to go to trial rather than plead guilty had he been given legally sound advice." *Commonwealth v. Barndt*, 74 A.3d 185, 196 (Pa. Super. 2013). Moreover, when the record supports the PCRA court's determination regarding whether a petitioner established a reasonable probability that he would not have pled guilty, this Court has affirmed the decision of the PCRA court. *Brown*, \_\_\_ A.3d at \_\_\_, 2020 PA Super 169 at \*15.

Our review of the certified record reflects Appellant indicated at the PCRA hearing that had he known he would still have to go to state prison to "go through the parole process," he would not have pled guilty. N.T., 1/29/19, at 9-10. Therefore, we next consider whether the result of the proceedings would have been different, *i.e.*, that Appellant would not have pled guilty and would have insisted on going to trial.

Our analysis is informed by this Court's decision in *Commonwealth v. Johnson*, 179 A.3d 1153 (Pa. Super. 2018), wherein we addressed an ineffective assistance of counsel claim related to the entry of a guilty plea. In *Johnson*, the "[a]ppellant faced three separate criminal informations

- 15 -

charging three counts of robbery, in addition to various violations of the Uniform Firearm Act. Counsel negotiated a plea to two robbery counts, with the Commonwealth withdrawing all other charges." *Id*. at 1161. In concluding that the PCRA court correctly rejected the appellant's claim of ineffective assistance, we stated the appellant "has failed to demonstrate why he would have rejected that plea and elected to face all of those charges." *Id*.

Here, Appellant was charged with eight criminal counts pertaining to a shooting at a crowded nightclub. As previously stated, Appellant was charged with one count of persons not to possess, use, manufacture, control, sell or transfer firearms, a second-degree felony; one count of firearms not to be carried without a license, a third-degree felony; and six counts of REAP, a second-degree misdemeanor. If Appellant had not entered the guilty plea and instead proceeded to trial, there is the possibility that he could have been convicted of all eight of the crimes charged. Following such convictions, the sentencing court could have imposed the maximum sentences for each crime and instructed that they run consecutively. Thus, had he proceeded to trial and been convicted of all charges, Appellant could have received a maximum aggregate term of incarceration of twenty-nine years.[6] Instead, upon entering

---

[6] We note that the second-degree felony charge carries a maximum penalty of ten years of incarceration. 18 Pa.C.S. § 1103(2). The third-degree felony charge carries a maximum sentence of seven years. 18 Pa.C.S. § 1103(3). The six second-degree misdemeanor charges each carry a maximum term of incarceration of two years. 18 Pa.C.S. § 1104(2). Accordingly, Appellant's

his guilty plea to a single count of carrying firearms without a license, a third-degree felony, the trial court sentenced Appellant to serve a term of incarceration of two to four years, and the Commonwealth did not object to the sentence running concurrently with Appellant's federal sentence. Appellant has failed to demonstrate why he would have rejected the plea and elected to face the eight charges and the risk of receiving the maximum sentences to which he would have been subjected. *Johnson*, 179 A.3d at 1161.

In addition, in denying Appellant's PCRA petition, the PCRA court indicated that it was doing so based upon the credibility of the testimony offered at the PCRA hearing. At the PCRA hearing, Appellant indicated he would not have pled guilty had he known that he would have had to go through the state parole process. Specifically, the following transpired at the PCRA hearing during Appellant's testimony:

> Q. So your understanding is that … you will still have to go in the state prison to go through the parole process?
>
> A. Based on the way they explained it to me, yes.
>
> Q. And had you known that, would you have pled guilty?
>
> A. No.

N.T., 1/29/19, at 10.

---

aggregate maximum sentence, if run consecutively, could have been twenty-nine years of incarceration.

Subsequently, the Commonwealth offered the following argument at the conclusion of the PCRA hearing:

> On the prejudice standard moreover, it's [Appellant's] obligation to show that at the time he was agreeing to the plea, had he known that there was a risk that he should have had to go back into the state system for a matter of days or months, long enough to qualify for parole, that he would have rejected the plea.
>
> Now, that would have meant, first of all, facing eight counts rather than one because, as part of the plea agreement, the Commonwealth agreed to dismiss seven out of eight counts.
>
> It also meant that instead of the Commonwealth agreeing not to oppose having the state sentence made consecutive to the federal sentence, the Commonwealth would have been free to oppose that. And if the judge had agreed to that at sentencing, then [Appellant] would not be looking at getting out of federal prison in order to do whatever was necessary to get state parole. He would have been looking at starting his minimum term in state court in the state prison system, which would have meant two years at a minimum. That's if, of course, the [c]ourt did not wind up finding him guilty of the other counts and imposing an even higher sentence.
>
> So with all this facing him, **it's not plausible for [Appellant] to say** that [he] would have rather faced an unknown number of years in state prison after finishing [his] federal sentence as opposed to the risk of having to go back into the state prison system temporarily in order to get processed for parole.

*Id*. at 22-24 (emphasis added).

Thereafter, the PCRA court made the following determination:

> Based upon the [c]ourt's review of what is in the [PCRA] petition, the briefs and filings of the parties, and what the [c]ourt finds to the credible evidence and testimony presented at the hearing today, the [c]ourt will hereby deny and dismiss [Appellant's PCRA] Petition.

*Id*. at 25.

Thus, after considering the evidence and testimony, coupled with the arguments of the parties, the PCRA court made its credibility determinations against Appellant and denied relief. Likewise, upon review of the record before us, we conclude that, despite his self-serving testimony, Appellant has not established that there is a reasonable probability that he would have rejected the plea offer and proceeded to a trial. We discern no abuse of discretion by the PCRA court or basis upon which to disturb the PCRA court's determination with regard to credibility. **See Brown**, ____ A.3d at ____, 2020 PA Super. 169 at *14-15 (concluding PCRA court did not abuse its discretion in granting PCRA relief because the record supported the determination that the appellant met his burden of showing a reasonable probability that he would have rejected the plea offer). Accordingly, we conclude Appellant has failed to demonstrate that he suffered prejudice from counsel's actions with regard to the guilty plea.

In conclusion, Appellant has failed to satisfy the ineffective-assistance-of-counsel test. Therefore, Appellant's claim of ineffective assistance lacks merit.

Order affirmed.

Judge Stabile joined this Memorandum.

Judge Pellegrini filed a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2020