J-S27039-20

2020 PA Super 169

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES BROWN | : | No. 3490 EDA 2018 |

Appeal from the PCRA Order Entered October 29, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-00083552015

BEFORE: SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED JULY 14, 2020**

The Commonwealth of Pennsylvania appeals from the order entered in the Court of Common Pleas of Montgomery County granting Appellee James Brown's first petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which alleged ineffective assistance of counsel induced him to agree to a negotiated plea deal predicated on an erroneously inflated prior record score. On appeal, the Commonwealth contends Brown's PCRA testimony failed to prove counsel's negligence prejudiced him, as he never asserted he would have gone to trial had he known of counsel's error.

The transcript of the PCRA evidentiary hearing, however, supports the PCRA court's observation that Appellant was prepared to go to trial, as he testified he would not have accepted the Commonwealth's revised plea offer— made three days before trial—if he had known it was based on a guideline

_____

[*] Former Justice specially assigned to the Superior Court.

miscalculation and did not, therefore, reflect a low-end standard range sentence as thought. *See* N.T. 1/2/18, at 31. Finding no reason to disturb the court's credibility determinations on this pivotal testimony, we affirm.

The PCRA court aptly sets forth the facts and procedural history, as follows:

> On the evening of May 2, 2015, Limerick Township Police officers responded to a call at a home in Royersford, Limerick Township, Montgomery County, wherein the homeowner had invited some friends to watch a boxing match on pay-per-view television. A female acquaintance arrived at the victim's home accompanied by her boyfriend, later identified as Brown. At one point during the evening Brown pointed a small black revolver at the victim, demanding money. Brown then took an Xbox game console and a wristwatch owned by the victim and left the victim's home with his girlfriend and another male.
>
> Limerick Township Police officers filed a criminal complaint against Brown on May 4, 2015, and an arrest warrant issued on May 7, 2015. Officers served the warrant on October 11, 2015. The Commonwealth charged Brown with one count each of the following crimes: robbery, felony of first degree; criminal conspiracy to commit robbery, felony of first degree; persons not to possess firearms, felony of second degree; firearms not to be carried without a licenses, felony of third degree; and possession of weapon, theft by unlawful taking, receiving stolen property, terroristic threats and recklessly endangering another person, all misdemeanors.
>
> On January 20, 2016, George M. Griffith, Jr., Esquire ("Attorney Griffith") entered his appearance on behalf of Brown and promptly requested pre-trial discovery from the Commonwealth.[ ] After speaking with his client, Attorney Griffith entered into plea negotiations with Assistant District Attorney Richard H. Bradbury, Jr. ("ADA Bradbury") on behalf of the Commonwealth utilizing an erroneous prior record score of four (4) to formulate the sentencing guidelines.
> In February of 2016, ADA Bradbury offered Brown a sentence of six and one-half (6 ½) to twenty (20) years in exchange for a

guilty plea to robbery, count 1, and a concurrent term of four and one-half (4 ½) to twenty (20) years on criminal conspiracy to commit robbery, count 2, based upon the erroneously calculated guidelines. N.T. 1/2/18, (PCRA hearing) at 6, 13. The sentencing guidelines provided a standard range sentence of sixty-six (66) to seventy-eight (78) months based upon the incorrect prior record score [of 4]. N.T. at 8-9. Brown did not accept the Commonwealth's initial offer. N.T. at 24, 30. Eventually ADA Bradbury offered an aggregate sentence of five and one-half (5 ½) to eleven (11) years' incarceration for the pleas, which is at the bottom of the erroneously-calculated standard range guidelines. N.T. at 13, 23.

On Monday, August 1, 2016, Brown appeared before [the trial court] for the call of the trial list with his trial scheduled for Thursday, August 4, 2016. ADA Bradbury put the terms of the negotiated plea agreement on the record and Attorney Griffith colloquied his client on the witness stand. Brown acknowledged that each of the two counts as first degree felonies came with a possible sentence of ten to twenty years and a maximum fine of $25,000.00 each. Brown also admitted that on May 2, 2015, in the presence of his two co-conspirators, Brown pointed a firearm at the victim and took property from the victim's home. N.T. 8/1/16, (Guilty Plea Hearing), at 6-7, 8-9). [The trial court] conducted an additional colloquy of Brown regarding his appeal rights and Attorney Griffith's representation before accepting Brown's negotiated guilty plea and sentenced him accordingly. N.T. at 9-17.

On March 7, 2017, Brown filed his first petition seeking relief pursuant to the PCRA. The court appointed Carl M. Knapp, Esquire ("Attorney Knapp") to represent Brown, and Attorney Knapp entered his appearance on march 17, 2017. Attorney Knapp filed an amended petition on August 16, 2017. The court scheduled the PCRA hearing on the petition to address Brown's claim that Attorney Griffith had rendered ineffective assistance of counsel when he mistakenly negotiated Brown's plea deal based upon an erroneous prior record score.

Prior to the PCRA hearing on Monday, January 2, 2018, [the PCRA court] met with Assistant District Attorney Adrienne Jappe ("ADA Jappe") representing the Commonwealth and Attorney Knapp to discuss, *inter alia*, the possibility of modifying Brown's sentence in lieu of proceeding with the PCRA hearing. Although Attorney

Knapp believed Brown would be willing to renegotiate his sentence based on the correct sentencing guidelines and withdraw his PCRA petition, ADA Jappe refused to discuss renegotiation.

The [PCRA court] presided over the PCRA hearing on January 2, 2018. Attorney Knapp called Attorney Griffith as Brown's first witness. Attorney Griffith candidly admitted that he had made a mistake in calculating Brown's prior record score at a four (4) when in actuality it should have been a two (2). N.T. (PCRA hearing), 1/2/18, at 6. ADA Jappe stipulated on behalf of the Commonwealth that Brown's prior record score at the time of his plea should have been two (2) and not four (4). N.T. at 6-7. Attorney Griffith testified that he believed that if he had gone to ADA Bradbury with the correct guidelines, he would have been able to procure a lower sentence on behalf of Brown given past experience and what had already happened in the case. N.T. at 7, 20.

Brown also testified at the PCRA hearing on his own behalf. Brown testified that he had asked for an aggregated sentence of four (4) to (8) years but that ADA Bradbury would not agree. N.T. at 31. Brown explained that he would not have taken the deal he agreed to if he had known the standard range sentencing guidelines were actually fifty-four (54) to sixty-six (66) months using the correct prior record score of two (2). N.T. at 31. [The PCRA court] found the testimony of both Appellant and Attorney Griffith very credible. The court also determined that Appellant made a showing of prejudice sufficient to satisfy his burden.

After thoroughly reviewing the record and the briefs submitted by the parties, the [PCRA court] entered an order on October 29, 2018, granting Brown's petition, permitting Brown to withdraw his guilty pleas and to proceed to trial on all counts in the bills of information. The Commonwealth filed a notice of appeal on November 27, 2018. In response to the court's order on the same day, the Commonwealth filed its concise statement of matters complained of on appeal ("Statement") on December 17, 2018.

PCRA Court Opinion, 1/8/20, at 2-6.

The Commonwealth presents the following question for our consideration:

Whether the trial court erred in granting defendant a new trial on the basis of ineffective assistance of trial counsel in connection with defendant' guilty plea where defendant failed to establish that his plea was entered involuntarily and unknowingly, and failed meet the prejudice prong of the test for ineffectiveness?

Commonwealth's brief, at 5.

Our standard of review is well-settled:

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 624 Pa. 446, 86 A.3d 795, 803 (2014)). We will not disturb the findings of the PCRA court unless there is no support for those findings in the record. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

. . .

[In reviewing ineffective assistance of counsel claims,] [w]e presume counsel is effective. *Commonwealth v. Cox*, 603 Pa. 223, 983 A.2d 666, 678 (2009). To overcome this presumption, "a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner." *Commonwealth v. Escobar*, 70 A.3d 838, 841 (Pa. Super. 2013) (citing *Commonwealth v. Cox*, 603 Pa. 223, 983 A.2d 666, 678 (2009)). "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Id*. A claim will be denied if the petitioner fails to meet any one of these prongs. *See Jarosz*, 152 A.3d at 350 (citing *Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 419 (2009)).

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." *Wah*, 42 A.3d at 338 (citations omitted). Under the PCRA, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea." *Fears*, 86 A.3d at 806–07 (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea

- 5 -

depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Wah**, 42 A.3d at 338-399 (citations omitted).

"[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted). This is not a stringent requirement. **Id**. The reasonable probability test refers to "a probability sufficient to undermine confidence in the outcome." **Id**. (citations omitted).

**Commonwealth v. Velazquez**, 216 A.3d 1146, 1149–50 (Pa.Super. 2019).

The Commonwealth asserts that the PCRA court should not have granted relief because Brown failed to establish either that his plea was involuntary and unknowing or that counsel's ineffectiveness caused him prejudice. With respect to the voluntariness of Brown's plea, the Commonwealth argues that Brown entered his plea knowingly, intelligently, and voluntarily, as the record is undisputed that he had the benefit of a written and oral plea colloquy. In his written colloquy, the Commonwealth maintains, Brown indicated that no one forced him to plead guilty, no threats or promises had been made to him in connection with his guilty plea, and that he was pleading of his own free will. Moreover, during Brown's oral colloquy, the Commonwealth continues, he was informed of the maximum penalties—20 years' incarceration and a $250,000.00 fine—he was facing for each offense to which he was pleading guilty.

We note, however, that at the PCRA hearing, the Commonwealth conceded that Brown's ineffective assistance of counsel claim raised an issue

of arguable merit and that plea counsel had no reasonable basis for advising Brown as he did.  **See** N.T. at 35-36.  Therefore, as the Commonwealth centered its argument solely on whether counsel's ineffectiveness prejudiced Brown, we confine our review to the Commonwealth's prejudice prong argument.

In **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002), on which the PCRA court relied to grant relief in the instant case, the defendant pleaded guilty in reliance on plea counsel's erroneous advice that he would be eligible for boot camp when, in fact, the length of his sentence statutorily precluded the possibility of his participation in boot camp.  The defendant sought PCRA relief, asking to withdraw his plea based on ineffective assistance of counsel.

We concluded that counsel's erroneous advice fell below the standard of competence required by the Sixth Amendment, that there was no reasonable basis designed to advance the defendant's interests, and that the erroneous advice prejudiced defendant because it enticed him to plead guilty when he would not have otherwise done so.

With specific regard to the prejudice prong, we found prejudice where the defendant established it was reasonably probable that he would not have pled guilty had he known he was really not eligible for boot camp.  **Id**. at 141–42.  We were persuaded by two factors: first, that the PCRA court did not doubt the defendant's or plea counsel's credibility; and, second, that had he gone to trial, he would have only been risking one additional year of

incarceration on his minimum sentence. *Id.* Accordingly, counsel's constitutionally deficient advice caused the defendant's plea to be involuntary and unknowing. *Id.* at 142.

Here, the Commonwealth's prejudice prong argument emphasizes the fact that Brown's sentence exposure by electing to go to trial was considerably greater than that faced by the defendant in *Hickman*, for Brown faced charges of robbery and criminal conspiracy—two first degree felonies carrying maximum sentences of 20 years' incarceration each—as well as several gun charges with maximum sentences of 10 years.

This Court, however, has applied *Hickman* despite a defendant's prospect of receiving a significantly greater sentence in a losing trial bid where the record supports the PCRA court's credibility determination that the defendant would not have accepted the plea offer had he possessed accurate information about the nature and duration of his sentence.

In *Commonwealth v. Rathfon*, 899 A.2d 365 (Pa.Super. 2006), the Commonwealth appealed from a PCRA order allowing the petitioner to withdraw his guilty plea where plea counsel ineffectively failed to advise him that he would not be able to serve his 9 to 18 month agreed-upon sentence in county jail as negotiated. Specifically, after sentencing, it was discovered that petitioner's sentence would be aggregated consecutively to a state prison sentence he was currently serving on unrelated crimes, thereby making him statutorily ineligible to serve his sentence in the county jail.

We held the record supported the PCRA court's determination that there existed a reasonable probability petitioner would not have pleaded guilty if he had known he was ineligible to serve his sentence in county jail. We reached this decision even after acknowledging that petitioner's awareness of a possible five year sentence flowing from an adverse jury verdict allowed for the conclusion that he would have pleaded guilty anyway:

> We emphasize that our standard of review requires that we grant great deference to the trial court and affirm its orders if supported by the record, even though the record may support a contrary result. Indeed, this is a situation where the record could support a contrary result. Arguably, we could conclude that, even if Rathfon knew that the entire sentence would be served in a state prison, he still would have pled guilty because of the other benefits of his bargain, *i.e.,* the indecent assault charge was *nol prossed,* his prior record score was decreased from 5 to 4, and he risked a maximum of five years' incarceration had he gone to trial whereas the recommended maximum in his plea agreement was 1 ½ years. However, we cannot ignore the fact that the record reveals that Rathfon bargained for a county sentence, that the court accepted the plea and sentenced Rathfon under the continuing misapprehension that the sentence would be served in the county jail, and that plea counsel was apparently not aware that the Sentencing Code and DOC policy would result in aggregation of the sentences, which would preclude the possibility of Rathfon serving the sentence in the county jail. Additionally, it is within the province of the PCRA court to make credibility determinations, and it apparently believed Rathfon when he testified at the PCRA hearing that he would not have pled guilty had he known the sentence would be served in state prison.

*Rathfon*, 899 A.2d at 370–71.

Similarly, in the case *sub judice*, the PCRA court determined that Brown had not received the benefit of his bargain where he had rejected an offer at the high end of the standard range, held out for a plea offer at the bottom of

the standard guideline range, and received it, only to learn after sentencing that the applicable guideline range was twelve months lower than what counsel had advised. In reaching this determination, the PCRA court deemed credible Brown's testimony that he would not have accepted the plea offer, which was really at the top of the applicable guideline range, had he known the offer was based on an inflated prior record score and miscalculated guideline range. N.T. 1/2/18, at 31.

The record in this regard supported the court's determination where Brown had rejected the Commonwealth's prior offers at the top of the standard range and was just three days from trial when the Commonwealth extended a new offer at the bottom of the presumed standard range. As in **Rathfon**, furthermore, the court made this credibility determination knowing that Brown was aware he faced a significantly greater sentence if he elected to go to trial, which would allow for a contrary inference.

Viewing the present facts with the understanding it is petitioner's burden to show a "reasonable probability" that he would have rejected the plea offer and gone to trial had he possessed accurate information—a standard this Court has identified as "not stringent," we cannot say the PCRA court abused its discretion in granting PCRA relief, vacating judgment of sentence, and setting a new trial date on the original charges. Accordingly, we affirm the order entered below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/14/2020