J-S35041-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREEK CORBETT, | : | |
| | : | |
| Appellant | : | No. 2040 EDA 2017 |

Appeal from the PCRA Order June 2, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1007721-1997

BEFORE:    OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED: JANUARY 8, 2021**

Tyreek Corbett (Appellant) appeals from the June 2, 2017 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. On September 10, 2019, we remanded the case for the PCRA court to determine whether Appellant is entitled to appointed counsel for this appeal. The court has appointed counsel, and Appellant's case is now ready for disposition. Upon review, we affirm.

By way of background, in our September 10, 2019 memorandum, we detailed the underlying facts and procedural history of this case.

> On November 17, 1996, Appellant and Anthony Baker fired numerous shots at James Ward, Cleveland Scott, Eric Woodson, and Leroy DeShield. Ward died as a result of the gunshot wounds. Scott identified Appellant as one of the shooters, and another eyewitness identified Appellant as being at the scene, standing over Ward's body after the shooting.

_____
*Retired Senior Judge assigned to the Superior Court.

Following a jury trial, Appellant was convicted of first-degree murder, possessing an instrument of crime, and criminal conspiracy. Appellant was sentenced to life imprisonment for the murder conviction, followed by an aggregate term of incarceration of 8 to 16 years on the remaining convictions. On appeal, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal on November 1, 2000. *Commonwealth v. Corbett*, 761 A.2d 1231 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 764 A.2d 1064 (Pa. 2000).

Appellant, through counsel, timely filed his first PCRA petition on October 24, 2001, and a supplemental amended petition on April 15, 2003. The PCRA court dismissed the petition without a hearing. On appeal, this Court affirmed that order, and our Supreme Court denied his petition for allowance of appeal. *Commonwealth v. Corbett*, 888 A.2d 3 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 895 A.2d 1259 (Pa. 2006).

On July 25, 2014, Appellant, through privately-retained counsel, Alan Tauber, Esquire, filed the instant PCRA petition, claiming that his petition was timely filed pursuant to the newly-discovered facts exception to the PCRA's time-bar. Specifically, Appellant claimed that he filed his petition within 60 days of learning of an alleged eyewitness, Vernon Oliver, who would testify that Appellant was not one of the shooters. Additionally, Appellant argued that he was entitled to relief based on this after-discovered evidence. PCRA Petition, 7/25/2014, at 2-4. Appellant subsequently filed an amended PCRA petition, adding another newly-discovered fact and after-discovered evidence claim regarding another eyewitness, Eric Butler. Amended PCRA Petition, 9/18/2014, at 3-5.

The PCRA court held an evidentiary hearing on Appellant's after-discovered evidence claims on March 9, 2017. Oliver and Butler testified at the hearing. On June 2, 2017, the PCRA court dismissed Appellant's PCRA petition. This timely-filed *pro se* appeal followed.

Although Appellant *pro se* filed a notice of appeal, the record indicated that Appellant was still represented by Attorney Tauber. Therefore, on August 11, 2017, this Court issued an order directing Attorney Tauber to show cause why he was not

- 2 -

counsel of record. *Per Curiam* Order, 8/11/2017. Attorney Tauber responded, notifying this Court that he advised Appellant of his appellate rights following the PCRA court's dismissal of his PCRA petition. Additionally, Attorney Tauber advised Appellant that pursuant to their engagement agreement, he had been retained solely for purposes of litigating the PCRA petition. As such, relying on the terms of the engagement agreement, Appellant *pro se* filed the instant notice of appeal, and Attorney Tauber did not seek formally to withdraw as counsel before the PCRA court. Response, 8/28/2017. On October 2, 2017, Attorney Tauber filed a request for leave to withdraw as counsel with this Court, which this Court granted. *Per Curiam* Order, 10/23/2017.

***Commonwealth v. Corbett***, 221 A.3d 1241 (Pa. Super. 2019)

(unpublished memorandum at 1-3) (footnote omitted).

Prior to reaching the merits of Appellant's appeal, we considered whether Appellant was properly proceeding *pro se*.

Although this was Appellant's second PCRA petition, he may have had a rule-based right to counsel, as the PCRA court determined that an evidentiary hearing was required. However, because Appellant retained private counsel prior to filing his petition, the PCRA court did not determine whether Appellant was unable to afford or otherwise procure counsel, which would have entitled him to appointed counsel pursuant to Pa.R.Crim.P. 904(D).

Ordinarily, and despite any purported engagement agreement, once privately-retained counsel enters an appearance, counsel is obligated to continue representation through direct appeal or until granted permission to withdraw. Pa.R.Crim.P. 120(A)(4), (B)(1). Attorney Tauber did not seek to withdraw until after Appellant *pro se* filed the instant notice of appeal and this Court directed Attorney Tauber to show cause as to why he was not counsel of record. Although this Court granted Attorney Tauber's petition to withdraw, if Appellant is unable to afford or otherwise procure counsel, his rule-based right to counsel for his second PCRA petition remains in effect on appeal. ***See*** Pa.R.Crim.P. 904(D) and (F)(2).

- 3 -

*Id.* (unpublished memorandum at 4-5). Accordingly, this Court remanded to the PCRA court to determine whether Appellant was entitled to counsel for this appeal and to file a supplemental opinion. The PCRA court appointed counsel, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Thus, we may now reach the merits of Appellant's appeal.

On appeal, Appellant argues that the PCRA court erred in failing to conduct a proper assessment of the credibility of Oliver and Butler, and that PCRA counsel rendered ineffective assistance by failing to request a proper credibility assessment be conducted by the PCRA court. Appellant's Brief at 10-11.[1] We review this claim mindful of the following.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Johnson***, 51 A.3d 237, 242-43 (Pa. Super. 2012) (*en banc*) (citations, quotation marks, and brackets omitted).

---

[1] Appellant also argues that trial counsel was ineffective for failing to request the PCRA court conduct a proper credibility assessment. Appellant's Brief at 10-11. Because the alleged deficiencies occurred during Appellant's **PCRA** proceedings, it defies logic for Appellant to argue that **trial** counsel rendered ineffective assistance of counsel in this regard. Accordingly, we need not consider this argument further.

> In reviewing ineffective assistance of counsel claims, we presume counsel is effective. To overcome this presumption, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. A claim will be denied if the petitioner fails to meet any one of these prongs.

*Commonwealth v. Brown*, 235 A.3d 387, 391 (Pa. Super. 2020) (quotation marks, citations, and brackets omitted). Finally,

> [t]o warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted.

*Commonwealth v. Rivera*, 939 A.2d 355, 359 (Pa. Super. 2007) (citation omitted).

On appeal, Appellant argues that Oliver and Butler testified credibly, and that "the PCRA court should have done a witness credibility assessment of [Butler] and believed his testimony." Appellant's Brief at 11. In support thereof, Appellant relies on *Commonwealth v. Johnson*, 966 A.2d 523 (Pa. 2009). *Id.* at 10. In *Johnson*, after reviewing an after-discovered evidence claim based upon recantation testimony, our Supreme Court remanded to the PCRA court and held that

the question for the PCRA court is not whether the jury in fact would have credited [Johnson's] new evidence and his recast alibi evidence. Instead, the question is whether the nature and quality of the evidence is such that there is a reasonable probability that the jury would have credited it and rendered a more favorable verdict. That assessment must include a recognition of the impeachability of the witnesses, and not merely a viewing of their testimony in a most favorable light. Some witnesses may display a demeanor, or be subject to such strong impeachment … that the court is convinced that no reasonable jury would believe them. On the other hand, some witnesses may conduct themselves, or be of such repute, that the PCRA judge has substantial confidence that a jury would credit them.

966 A.2d at 542.

Upon review, it is evident that the PCRA court conducted an appropriate credibility assessment for both witnesses, and that its determinations were supported by the record. **Johnson**, 51 A.3d at 242-43 (citation and quotation marks omitted) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court."). Following an evidentiary hearing, the PCRA court found that Oliver and Butler were not credible. PCRA Supplemental Opinion, 12/13/2019, at 6. In its supplemental opinion, the PCRA court detailed specifically why it found their testimony incredible. **See id.** at 7-9. Because the PCRA court's determination that Oliver and Butler lacked credibility is supported by the record, the PCRA court did not err in determining that Appellant's proposed after-discovered evidence, if presented to a jury, was not of such a nature and quality "that there is a reasonable probability that the jury would have credited it and rendered a more favorable verdict." **Johnson**, 966 A.2d at

542. As such, counsel cannot be deemed ineffective for failing to request a credibility assessment. Accordingly, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/8/21