J-S38036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT DILUZIO | : | |
| | : | |
| Appellant | : | No. 2503 EDA 2022 |

Appeal from the PCRA Order Entered September 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008130-2015

BEFORE:  LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:               **FILED OCTOBER 30, 2023**

Robert Diluzio (Diluzio) appeals from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Diluzio raises claims of ineffective assistance of counsel[1] in connection with entry of his negotiated guilty plea to third-degree murder and related offenses.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S. § 9543(a)(2)(ii) (listing ineffective assistance of counsel as basis for PCRA relief).

**I.**

**A.**

The relevant facts and procedural history of this case are as follows. On July 2, 2015, at about 1:30 p.m., three men individually approached Diluzio's residence to confront him about the robbery of their friend, Daniel Santiago (Santiago), the night before. The first man requested that Diluzio return Santiago's property, but Diluzio refused and slammed the door in his face. About 25 minutes later, a second man approached Diluzio and asked for the return of Santiago's property. Diluzio again refused, this time displaying a firearm to make his point. A third man approached Diluzio's residence a short time later and asked him to return Santiago's property while Santiago stood on the sidewalk. In response, Diluzio raised his gun and shot Santiago three times, killing him.

Diluzio fled from the rear of the property and when confronted by police, he reached for his gun in the waistband of his pants. Police officers tackled him and recovered a 9-mm firearm, several rounds of ammunition and $4,167 in cash from his person. Diluzio told police that this was the first time he had shot anyone. Neighborhood security cameras depicted the shooting in its entirety. Diluzio was arrested and charged with murder, including murder of the first-degree, for which he could be sentenced to life without parole, along with several other charges.

At the June 21, 2016 guilty plea hearing, Diluzio agreed that he understood that he was "getting 25 to 50 years in jail" pursuant to the negotiated deal reached with the Commonwealth. (N.T. Guilty Plea, 6/21/16, at 3, 5). Diluzio's written plea colloquy set forth the same period of 25-50 years' incarceration and stated that all other charges would be dropped. In the written colloquy, Diluzio affirmed that he was satisfied with the advice of his attorney and averred that the decision to enter the plea was his alone. (**See** Written Guilty Plea Colloquy, 6/21/16, at 3). Diluzio entered a guilty plea to third-degree murder, robbery, criminal conspiracy, possession of an instrument of a crime (PIC), firearms not to be carried without a license and carrying a firearm in public in Philadelphia. The trial court sentenced Diluzio to a term of 25 to 50 years of incarceration on the third-degree murder conviction and concurrent terms of incarceration on the remaining offenses. (**See** N.T. Guilty Plea, at 19). Diluzio did not file a direct appeal.

**B.**

Diluzio filed a *pro se* PCRA petition on March 21, 2017, raising claims of ineffectiveness of counsel. Appointed counsel filed an amended petition, the crux of which was that the sentence of 25 to 50 years for third-degree murder was illegal because it exceeded the statutory maximum term of 40 years' incarceration. The petition also asserted that Diluzio's plea was involuntary because he was not informed of the appropriate statutory maximum sentences

that he faced. The PCRA court granted the petition as to the sentencing issue only and scheduled a hearing.

At the outset of the October 10, 2017 hearing, the court agreed that it had made an error in structuring the aggregate 25-to-50-year sentence because of the third-degree murder maximum of 40 years. (*See* N.T. Hearing, 10/10/17, at 2). Counsel for Diluzio made an oral motion to withdraw his guilty plea, which the court denied. It resentenced Diluzio to a term of 20 to 40 years of incarceration on the third-degree murder charge, followed by a consecutive term of 2½ to 5 years of incarceration on the firearms not to be carried without a license and PIC offenses, with the aggregate sentence remaining at 25 to 50 years. Diluzio filed a post-sentence motion to withdraw his guilty plea, which the court denied.

Diluzio filed a direct appeal from the judgment of sentence contending that the trial court erred in denying his pre-sentence and post-sentence motions to withdraw his guilty plea. This Court affirmed the judgment of sentence and doing so we determined that Diluzio entered a voluntary plea. We explained that:

> We do not agree with Appellant that the court abused its discretion by denying his motion to withdraw his plea, even under the more liberal, pre-sentence standard for withdrawal. The written plea colloquy makes clear that Appellant was informed that the agreed-upon, aggregate sentence was 25 to 50 years' incarceration. (*See* Written Guilty Plea Colloquy, 6/21/16, at 1). At the oral plea colloquy, the court again stated that Appellant was 'getting 25 to 50 years in jail' in exchange for his plea. (N.T. Plea/Sentencing, 6/21/16, at 5). **Appellant voluntarily and knowingly accepted this plea agreement, expressing no**

- 4 -

**reservations about signing the written plea colloquy, and exhibiting no hesitation at the oral plea proceeding**.

While the court ultimately structured Appellant's aggregate sentence in an illegal fashion by imposing 25 to 50 years' incarceration for his third-degree murder offense, Appellant still received the agreed-upon aggregate term. **Thus, the illegality of Appellant's third-degree murder sentence did not render his negotiated plea agreement unknowing, unintelligent, or involuntary**. Accordingly, the court did not abuse its discretion by finding there was no 'fair and just' reason to allow Appellant to withdraw his plea. Additionally, Appellant's sentence is now legal and remains consistent with the terms of the plea agreement.

(**Commonwealth v. Diluzio**, 2019 WL 2372949, at *4 (Pa. Super. filed June 5, 2019)) (unpublished memorandum) (citation formatting provided; emphasis added). Our Supreme Court denied Diluzio's petition for allowance of appeal on February 3, 2020.

## C.

Diluzio, acting *pro se*, filed the instant PCRA petition on March 17, 2020. Appointed counsel filed a **Turner**/**Finley** no merit letter[2] and was permitted to withdraw from representation. The PCRA court appointed current counsel, who filed an amended PCRA petition challenging the effectiveness of counsel in connection with entry of Diluzio's guilty plea. The PCRA court issued notice of its intent to dismiss the petition without a hearing on August 1, 2022. **See** Pa.R.Crim.P. 907(1). It formally dismissed the petition on September 6, 2022.

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Diluzio timely appealed and he and the PCRA court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b). It its opinion, the PCRA court stated that "the plea colloquy, oral and written, conveyed all the required information for the defendant to make a knowing, intelligent and voluntary decision and the totality of the circumstances clearly shows Diluzio's guilty plea met those requirements." (PCRA Court Opinion, 12/22/22, 8-9).[3]

## II.

Diluzio contends that plea counsel was ineffective because he provided erroneous information regarding the appropriate range of sentences on the third-degree murder charge, rendering his plea invalid. (**See** Diluzio's Brief, at 9, 36-48).[4] Diluzio maintains that counsel advised him to enter an unenforceable contract for a sentence that was illegal and null and void on its face. (**See id.** at 39). Diluzio additionally argues that counsel was ineffective

---

[3] "Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." **Commonwealth v. Postie**, 200 A.3d 1015, 1022 (Pa. Super. 2018) (**en banc**) (citations omitted).

Additionally, "[a] petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings." **Commonwealth v. Epps**, 240 A.3d 640, 645 (Pa. Super. 2020) (citation omitted). A PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion. **See id.**

[4] We address Diluzio's ineffectiveness claims together for ease of disposition.

for failing to object to or take action to remedy the defective guilty plea colloquy. (*See id.* at 9, 49-53).

"To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different." *Epps*, *supra* at 645 (citation omitted). We presume that counsel has rendered effective assistance. *See id.* Additionally, counsel cannot be found ineffective for failing to raise a baseless or meritless claim. *See id.*

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." *Commonwealth v. Brown*, 235 A.3d 387, 391 (Pa. Super. 2020) (citation omitted). Under the PCRA, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the petitioner] to enter an involuntary or unknowing plea." *Id.* (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (citations omitted).

Instantly, the record does not support Diluzio's claims centered on the invalidity of his plea and initial error concerning his sentence. As detailed

above, this Court already addressed the merits of Diluzio's substantive challenge to the validity of his guilty plea in the context of reviewing his judgment of sentence on direct appeal. We considered the written and oral colloquies and found that Diluzio "voluntarily and knowingly accepted this plea agreement, expressing no reservations about signing the written plea colloquy, and exhibiting no hesitation at the oral plea proceeding." (*Diluzio*, *supra* at *4). Because Diluzio's underlying claim that his plea was involuntary lacks merit, plea counsel cannot be deemed ineffective based on his entry of the plea. *See Epps*, *supra* at 645.

Further, the record demonstrates that counsel did not advise Diluzio to enter an illegal plea agreement. Although the trial court did make a mistake in structuring Diluzio's sentence with respect to the third-degree murder charge, the agreed-upon aggregate sentence of 25 to 50 years itself was not illegal. The trial court's error in formulating the sentence occurred after Diluzio entered the plea and was later corrected once the court became aware of its mistake. This Court then determined that his sentence "is now legal and remains consistent with the terms of the plea agreement." (*Id.*). Thus, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/30/2023</u>