J-S45011-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMATUL ALMUTAKAB SHARIF | : | |
| | : | |
| Appellant | : | No. 791 MDA 2023 |

Appeal from the PCRA Order Entered May 8, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002763-2016

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED: MARCH 12, 2024**

Amatul Almutakab Sharif appeals from the order denying his first Post

Conviction Relief Act ("PCRA") petition.  We affirm.

This Court provided the following summary in affirming Appellant's

judgment of sentence:

> On May 13, 2016, [Appellant] was charged with multiple offenses, including statutory sexual assault, involuntary deviate sexual intercourse, corruption of minors, unlawful contact with a minor, endangering the welfare of children, and indecent assault.  These charges arose from [Appellant] engaging in sexual activity with his step-daughter, who was 15 years old.
>
> At the preliminary hearing, [Appellant] signed an agreement to plead guilty to involuntary deviate sexual intercourse, unlawful contact with a minor, and endangering welfare of children.  On October 5, 2016, the Commonwealth filed an amended information containing only these three charges.  Subsequently, [Appellant] decided not to plead guilty.  On June 27, 2017, the

---

* Former Justice specially assigned to the Superior Court.

Commonwealth again amended its information to reflect the original charges.

[Appellant]'s trial was to begin on October 29, 2018. However, once he saw that the victim showed up for trial, he decided to enter a plea. [Appellant pled] guilty to unlawful contact with a minor and corruption of minors. Sentencing was continued several times.

On March 27, 2019, [Appellant] filed a motion to withdraw his plea claiming that he was not guilty of the charges. At the hearing on this motion, [Appellant] testified that he was innocent and pled guilty only because he was pressured by his attorney as well as his wife.[1] He also admitted to signing the guilty plea agreement in October 2018 and lying to the court during the guilty plea colloquy. The trial court denied [Appellant]'s motion to withdraw his guilty plea.

On June 21, 2019, the trial court imposed a sentence of [ten to twenty years] on the unlawful contact with a minor charge and a concurrent sentence of [twenty-one] to [forty-two] months on the corruption of minors charge.

***Commonwealth v. Sharif***, 236 A.3d 1071, 2020 WL 1656046, at *1 (Pa.Super. 2020) (non-precedential decision) (cleaned up). Additionally, as a result of his unlawful-contact conviction, Appellant is subject to lifetime registration pursuant to the Sexual Offender Registration and Notification Act ("SORNA").

On direct appeal to this Court, Appellant argued that the trial court abused its discretion in denying his pre-sentence motion to withdraw his plea. Determining that Appellant "offered nothing more than a bald assertion of

_____

[1] Appellant had retained private counsel for the hearing and his trial attorney, John Pike, Esquire, was therefore permitted to withdraw at the beginning of the hearing. Private counsel represented Appellant through his sentencing hearing, after which the court appointed conflict counsel.

innocence[,]" this Court held that the trial court did not err and affirmed his judgment of sentence. *Id*. at *2 (citation omitted). On October 13, 2020, our Supreme Court denied Appellant's petition for allowance of appeal. He did not seek further review, rendering his judgment of sentence final on January 11, 2021.

Appellant timely filed a *pro se* PCRA petition on October 18, 2021. The PCRA court, without appointing counsel, mistakenly dismissed Appellant's petition as untimely, and he appealed. We remanded for the PCRA court to determine Appellant's indigency and appoint counsel. Ultimately, we vacated the order dismissing Appellant's petition as untimely because the PCRA court (1) did not first provide Appellant counsel as required for a first-time indigent petitioner and, (2) dismissed the petition as untimely when it was in fact timely filed within one year of Appellant's judgment of sentence becoming final. *See Commonwealth v. Sharif*, 290 A.3d 655 (Pa.Super. 2022) (non-precedential decision).

On remand, counsel filed a supplemental PCRA petition, asserting, *inter alia*, that (1) Attorney Pike rendered ineffective assistance by not advising Appellant of his sentencing exposure as a result of pleading guilty, (2) SORNA was unconstitutional, and (3) Attorney Pike was ineffective for not preserving a SORNA claim. On March 30, 2023, the PCRA court held a hearing, wherein Appellant and Attorney Pike testified. The PCRA court credited Attorney Pike's testimony and found Appellant's first claim to be without merit. *See* PCRA Court's Opinion, 5/8/23, at unnumbered 6. Determining that no binding case

law had rendered SORNA unconstitutional, the PCRA court also rejected Appellant's SORNA claims and denied the petition. *Id*. at unnumbered at 7.

This timely appeal followed. The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b), and none was filed. The PCRA court referred us to its May 8, 2023 memorandum in lieu of a Rule 1925(a) opinion. On appeal, Appellant presents two questions for our consideration:

I. Whether trial counsel was ineffective in causing Appellant to enter as [*sic*] involuntary guilty plea?

II. Whether SORNA is unconstitutional?

Appellant's brief at 1 (capitalization altered).

We consider Appellant's first claim pursuant to the following legal principles:

We review an order granting or denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. We will not disturb the findings of the PCRA court unless there is no support for those findings in the record.

In reviewing ineffective assistance of counsel claims, we presume counsel is effective. To overcome this presumption, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. A claim will be denied if the petitioner fails to meet any one of these prongs.

A criminal defendant's right to effective counsel extends to the plea process, as well as during trial. Under the PCRA, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the

petitioner to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. This is not a stringent requirement. The reasonable probability test refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Brown*, 235 A.3d 387, 391 (Pa.Super. 2020) (cleaned up).

Appellant argues that "trial counsel was ineffective by permitting him to enter a guilty plea without informing him of the potential sentence that he could receive." Appellant's brief at 5. At the PCRA hearing, Appellant testified that Attorney Pike advised him he would not receive a sentence of ten years, and instead might receive as few as seven years of incarceration. *See* N.T. PCRA Hearing, 3/30/23, at 6. Furthermore, Appellant contended that Attorney Pike did not know Appellant's prior record score at the time he recommended pleading guilty. *Id*. According to Appellant, he would not have pled guilty if he knew that he could be sentenced to ten years of imprisonment. *Id*. at 7.

Contrarily, Attorney Pike attested to his representation of Appellant and that while he did not have Appellant's exact prior record score, he "g[a]ve him the worst-case scenario based on the statutory maximum" and knowing that his prior federal conviction was of a similar grade. *Id*. at 23-24, 35. He was not, however, able to provide a specific span for the standard range of

Appellant's individualized sentencing guidelines because they had not yet been calculated. *Id*. at 36-39. In Attorney Pike's recollection, he did not promise Appellant a specific sentence. *Id*. at 32-33.

The PCRA court concluded there was no merit to Appellant's first claim because "[t]here was no misunderstanding with regard to [Appellant]'s sentence" and Attorney Pike's testimony that he had properly advised Appellant was credible. *See* PCRA Court's Opinion, 5/8/23, at unnumbered 6. Our review confirms that the PCRA court's conclusions are supported by the certified record. At Appellant's plea hearing, the Commonwealth explained that unlawful contact with a minor carried "a maximum time of 20 years," and corruption of minors a maximum sentence of five years of imprisonment. *See* N.T. Plea Hearing, 10/29/18, at 2. Appellant's plea agreement, which he signed, clearly reflected at the top of the document the same maximum penalties next to each offense. *See* Plea Agreement, 10/29/18. The trial court conducted a thorough oral colloquy confirming that Appellant understood both the plea agreement and the consequences of choosing to plead guilty. *See* N.T. Plea Hearing, 10/29/18, at 3-6. Based on the foregoing, we discern no abuse of discretion on the PCRA court's part in determining that Appellant's underlying claim lacked arguable merit. Accordingly, the PCRA court did not err in denying this ineffectiveness claim.

Appellant's second issue concerns the constitutionality of SORNA. As such, our standard of review is *de novo*. *See Commonwealth v.*

*Villanueva-Pabon*, 304 A.3d 1210, 1214 (Pa.Super. 2023) ("When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law." (cleaned up)).  Notably, "[a] party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution." *Commonwealth v. Muhammad*, 241 A.3d 1149, 1155 (Pa.Super. 2020) (cleaned up).

Appellant has wholly failed to meet this burden.  First, his entire argument comprises a single paragraph asking for a stay of this matter until our Supreme Court renders its decision in *Commonwealth v. Torsilieri*, which is currently pending at Docket Number 97 MAP 2022.[2]  *See* Appellant's brief at 7.  He offers absolutely no argument as to what renders SORNA unconstitutional, either as a whole or as applied to the particularities of his case.  Instead, he merely "relies upon the Chester County Common Pleas case of *Commonwealth v. Torsilieri*, 15-CR-0001570-2016 (C.C.P. Chester Aug. 23, 2023) for the proposition that SORNA is unconstitutional."  *Id*. (cleaned up).  By failing to present any argument whatsoever, Appellant has waived this claim.  *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super.

---

[2] This is the second time that George Torsilieri's challenge to the constitutionality of SORNA is pending before the High Court.  *See Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020) (remanding to the trial court for further development of the record regarding the constitutionality of Subchapter H of SORNA).

2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." (cleaned up)).

Appellant's request for a stay cannot save this issue. Even if we were inclined to grant his request, there is no indication that a similar issue is pending in *Torsilieri* because, as noted, Appellant has not presented an individualized argument in support of his SORNA issue, explained the precise issues presently pending in *Torsielieri*, or demonstrated how those issues impact his case. *See Dana Holding Corp. v. Workers' Comp. Appeal Bd.*, 232 A.3d 629, 648–49 (Pa. 2020) (holding that "the general rule in Pennsylvania will be that, at least where prior judicial precedent isn't overruled, a holding of this Court that a statute is unconstitutional will generally be applied to cases pending on direct appeal in which the constitutional challenge has been raised and preserved"). As Appellant has not preserved a challenge to the constitutionality of SORNA, we deny Appellant's request for a stay.

Having failed to convince us that the PCRA court erred in denying Appellant's SORNA challenge, and having found no merit to Appellant's first issue, we affirm the order denying his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>03/12/2024</u>